UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JERNBERG INDUSTRIES, INC., | ) | Case No. 05-25909 |
| JERNBERG SALES, INC., and IRON | ) | (Jointly Administered) |
| MOUNTAIN INDUSTRIES, LLC, | ) | |
| | ) | Bankruptcy Judge John H. Squires |
| Debtors. | ) | |

**FINAL ORDER AUTHORIZING MAINTENANCE OF EXISTING BANK ACCOUNTS, MAINTENANCE OF EXISTING CASH MANAGEMENT SYSTEM AND CONTINUED USE OF EXISTING BUSINESS FORMS**

Upon the motion (the "Motion")[1] of the debtors and debtors in possession in the above-captioned chapter 11 case (the "Debtors") seeking entry of an order, under sections 345, 363, 1107 and 1108 of the Bankruptcy Code authorizing them to (a) maintain existing bank accounts; (b) maintain their existing cash management system; and (c) continue to use existing correspondence and business forms; the Court having reviewed the Motion and the Declaration of A. Jeffrey Zappone, Chief Restructuring Officer of the Debtors, in support of first-day motions and having heard the statements of counsel in support of the relief requested therein at a hearing thereon (the "Hearing"); the Court finding that the relief requested in the Motion is in the best interests of the estates, the Debtors' creditors and other parties in interest; the Court finding that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; the Court finding that this proceeding is a core proceeding pursuant to 28 U.S.C. § 158(a); the Court finding that notice of the Motion and the Hearing given by the Debtors was sufficient under the circumstances; and the Court being fully advised in the premises and having determined that the legal and factual basis set forth in the Motion and at the Hearing on the Motion establish just cause for the relief herein granted;

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to such terms in the Motion.

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized, but not directed, in the reasonable exercise of their business judgment, to: (a) maintain and continue to use, with the same account numbers, all of the bank accounts in existence on the Petition Date, including, without limitation, those accounts identified on Exhibit A to the Motion (the "Bank Accounts"); (b) maintain their existing cash management system as set forth in the Motion and detailed on Group Exhibit B to the Motion (the "System"); (c) use, in their present form, checks and other documents related to the Bank Accounts and the System, provided that the Debtors will use reasonable efforts during the postpetition period to issue checks with higher numbers than those used during the prepetition period as outlined in the Motion; and (d) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors in possession.

3. LaSalle (where the Bank Accounts are maintained) is hereby authorized and directed to continue to service and administer such Bank Account as an account of the Debtors as debtors in possession without interruption and in the usual and ordinary course, and to receive, process, honor and pay any and all checks, drafts and other requests for payments drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be; provided, however, that any check drawn or issued by the Debtors before the Petition Date and presented after the Petition Date may be honored by LaSalle only if specifically authorized by order of this Court.

4. Except for those checks that may be honored and paid to comply with any orders of this Court authorizing payment of certain prepetition claims, no checks or drafts issued on the Bank Accounts before the Petition Date but presented for payment after the Petition Date shall be honored or paid.

2

5.  Nothing contained herein shall prevent the Debtors from opening any new bank accounts or closing any existing bank accounts as they may deem necessary and appropriate; provided, however, that any new account shall be with a bank that is insured by the Federal Deposit Insurance Corporation and organized under the laws of the United States or any state therein and: (a) a bank at which any Bank Account is located; or (b) a bank that is on the United States Trustee's list of approved banks, and no property of any of the Debtors shall be comingled with property of any of the other Debtors.

6.  The Debtors are authorized to continue to use existing business and correspondence forms without alteration and without the designation "Debtors in Possession" imprinted upon them.

7.  The Debtors are authorized to continue utilizing the System (with whatever changes from time to time are necessary to address the basic purposes of the cash management program) to manage their cash in a manner consistent with the Debtors' prepetition practice.

8.  The Debtors shall cause a copy of this order to be served on LaSalle within five (5) business days of the date hereof.

9.  LaSalle will be entitled to charge back returned items against amounts from time to time on deposit in the Bank Accounts, regardless of whether the returned items relate to prepetition or postpetition items or balances. If LaSalle honors a prepetition check or other item drawn on any Bank Account either (a) at the direction of the Debtors to honor such prepetition check or item, (b) in a good faith belief that the Court has authorized such prepetition check or item to be honored or (c) as the result of an innocent mistake made despite implementation of reasonable item handling procedures, LaSalle shall not be deemed to be liable to the Debtors or the bankruptcy estates or to be otherwise in violation of this Order. Nothing contained herein shall: (a) require LaSalle to honor any check if there are insufficient fully-collected funds in the

CHICAGO\1278372\6

respective Bank Account to cover such check; or (b) prevent LaSalle from terminating any cash management services upon not less than thirty (30) days prior written notice to the Debtors and upon terms reasonably satisfactory to the Debtors and LaSalle.

10. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: August 4, 2005

ENTERED:

_____
UNITED STATES BANKRUPTCY JUDGE

Order prepared by:

Mark K. Thomas (ARDC #06181453)
Jerry L. Switzer, Jr. (ARDC #06210229)
Peter J. Young (ARDC #06278765)
JENNER & BLOCK LLP
One IBM Plaza
Chicago, Illinois 60611
(312) 222-9350
(312) 840-7374 (Fax)

Counsel for Debtors
and Debtors in Possession

CHICAGO\1278372\6