**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 05-25909 |
| JERNBERG INDUSTRIES, INC., | ) | (Jointly Administered) |
| JERNBERG SALES, INC., and IRON | ) | Bankruptcy Judge John H. Squires |
| MOUNTAIN INDUSTRIES, LLC, | ) | |
| | ) | **Hearing Date: Oct. 6, 2005** |
| Debtors. | ) | **Hearing Time: 9:30 a.m.** |
| | ) | **Objection Deadline: Sept. 25, 2005** |
| | ) | |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on October 6, 2005, at 9:30 a.m., or as soon thereafter as possible, Donnelly Penman & Partners shall appear before the Honorable John H. Squires in Courtroom 680 in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois, and present its attached **Final Fee Application Of Donnelly Penman & Partners As Investment Banker For Allowance Of Compensation For Services Rendered And Reimbursement Of Expenses For The Period June 28, 2005 Through And Including September 8, 2005**. You may appear at that time and place if you so desire.

Dated:  September 15, 2005            Respectfully submitted,


                                      /s/ *Jerry L. Switzer, Jr.*
                                      Mark K. Thomas (ARDC #06181453)
                                      Jerry L. Switzer, Jr. (ARDC #06210229)
                                      Peter J. Young (ARDC #06278765)
                                      JENNER & BLOCK LLP
                                      One IBM Plaza
                                      Chicago, Illinois 60611
                                      (312) 222-9350
                                      (312) 840-7374 (Fax)

                                      Counsel for Debtors and Debtors in Possession

CHICAGO_1310266_1

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JERNBERG INDUSTRIES, INC., | ) | Case No. 05-25909 |
| JERNBERG SALES, INC., and IRON | ) | (Jointly Administered) |
| MOUNTAIN INDUSTRIES, LLC, | ) | |
| | ) | Bankruptcy Judge John H. Squires |
| Debtors. | ) | |
| | ) | Hearing Date: October 6, 2005 |
| | ) | Hearing Time: 9:30 a.m. |
| | ) | Objection Deadline: September 25, 2005 |

**FINAL FEE APPLICATION OF**
**DONNELLY PENMAN & PARTNERS AS INVESTMENT BANKER FOR**
**ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND**
**REIMBURSEMENT OF EXPENSES FOR THE PERIOD JUNE 28, 2005**
**THROUGH AND INCLUDING SEPTEMBER 8, 2005**

Name of Applicant:                      Donnelly Penman & Partners

Authorized to Provide
Professional Services to:               Debtors and Debtors in Possession

Date of Retention:                      June 28, 2005

Period for Which Compensation and
Reimbursement Is Sought:                June 28, 2005 – September 8, 2005

Amount of Fees Sought as Actual,
Reasonable and Necessary:               $320,000.00

Amount of Expenses Sought as Actual,
Reasonable and Necessary:               $8,952.70

This is a(n):          _____ interim           __X__ final application

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JERNBERG INDUSTRIES, INC., | ) | Case No. 05-25909 |
| JERNBERG SALES, INC., and IRON | ) | (Jointly Administered) |
| MOUNTAIN INDUSTRIES, LLC, | ) | |
| | ) | Bankruptcy Judge John H. Squires |
| Debtors. | ) | |
| | ) | Hearing Date: October 6, 2005 |
| | ) | Hearing Time: 9:30 a.m. |
| | ) | Objection Deadline: September 25, 2005 |

**FINAL FEE APPLICATION OF
DONNELLY PENMAN & PARTNERS AS INVESTMENT BANKER FOR
ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD JUNE 28, 2005
THROUGH AND INCLUDING SEPTEMBER 8, 2005**

Dated: September 15, 2005

James C. Penman
DONNELLY PENMAN & PARTNERS

INVESTMENT BANKER TO THE
DEBTORS AND DEBTORS IN
POSSESSION

Donnelly Penman & Partners ("DPP" or the "Applicant"), investment banker to the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to sections 105, 330 and 331 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), Rules 2002(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 607 of the Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules"), hereby submits this final fee application (this "Application") for allowance of compensation for services rendered and reimbursement of expenses incurred for the period June 28, 2005 through and including September 8, 2005 (the "Application Period") and respectfully requests that this Court enter an order awarding DPP final compensation of $320,000.00 for professional services rendered and $8,952.70 for ordinary and necessary expenses incurred during the Application Period. In support of the foregoing request, the Applicant respectfully states as follows:

### Jurisdiction

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Application is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The statutory predicates for the relief requested herein are sections 105(a), 330 and 331 of the Bankruptcy Code.

### Background

3. On June 29, 2005 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On July 8, 2005, the United States Trustee appointed an official committee of unsecured creditors

(the "Committee"). The Debtors are continuing in possession of their respective property pursuant to sections 1107 and 1108 of the Bankruptcy Code.

As of the Petition Date, the Debtors collectively were one of the nation's largest independent suppliers of high volume forged and machined components for the transportation industry. The Debtors operated four production facilities in the Chicago area. The Debtors employed approximately 825 employees, including 177 salaried executives, managers and supervisors, and 577 hourly employees and 71 temporary employees. The Debtors commenced their chapter 11 cases as a result of challenging conditions in the automotive industry, including a series of developments which resulted in a significant reduction of the Debtors' liquidity position.

4. On the Petition Date, the Debtors filed a motion seeking approval of bidding procedures in connection with the proposed sale (the "Sale") of substantially all of their assets to Hephaestus Holdings, Inc. ("HHI"), an acquisition entity set up by and affiliated with KPS Special Situations Fund II, L.P. ("KPS"), pursuant to an Asset Purchase Agreement (the "APA"), for $1,250,000 cash and the assumption of certain of the Debtors' liabilities. The Debtors believe that the aggregate value of the Sale exceeds $60,000,000.

5. The Debtors chapter 11 cases were filed in order to implement the Sale to HHI pursuant to sections 363 and 365 of the Bankruptcy Code. On August 24, 2005, the Court entered an order authorizing and approving the Sale to HHI. The parties closed the Sale on September 7, 2005 (the "Closing"). Upon the Closing, the Debtors ceased operations and terminated all of their employees.

**Interim Compensation Order**

6. On July 5, 2005, this Court entered the Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Professionals (the "Interim

2

Compensation Order"), pursuant to which Jenner & Block and other professionals retained in these cases are authorized to serve upon the parties identified therein monthly fee statements (the "Monthly Fee Statements"). Upon expiration of a ten-day objection period specified in the Interim Compensation Order, if no objection is received, the Debtors are authorized to pay Jenner & Block and other professionals ninety percent (90%) of the fees and 100% of the expenses sought in the Monthly Fee Statements. If an objection is received, the Debtors are authorized to pay ninety percent (90%) of the fees and 100% of the expenses that are not subject to the objection.

### DPP's Retention and Prior Fee Requests

7. On July 21, 2005, this Court entered a final order (the "Retention Order") authorizing the employment of DPP as the Debtors' investment bankers in connection with the Debtors' bankruptcy cases under the terms of a written engagement agreement (the "Engagement Letter").

8. Pursuant to the Engagement Letter, upon its execution, the Debtors paid DPP a non-refundable cash advisory fee of $50,000 (the "Advisory Fee").

9. On July 20, 2005, DPP served its First Monthly Statement requesting payment of the $10,000 monthly advisory fee (the "Monthly Advisory Fee") and for reimbursement of expenses of $2,902.24. DPP has received full payment on the amounts invoiced in its First Monthly Statement.

10. On August 22, 2005, DPP served its second monthly statement requesting payment of the $10,000 Monthly Advisory Fee reimbursement of expenses of $5,428.87. DPP has received full payment on the amounts invoiced in its Second Monthly Statement.

11. On September 12, 2005, following the successful sale of substantially all of the Debtors' assets, DPP served its final invoice requesting payment of the $300,000

3

transaction fee (the "Transaction Fee") less a credit for the $50,000 Advisory Fee, for a total compensation of $250,000, and requesting reimbursement of expenses of $621.59.

Pursuant to the Retention Order, DPP's employment by the Debtors terminated upon the Sale closing.

12. This is DPP's final application for compensation and reimbursement of expenses.

## Notice

13. In accordance with the Interim Compensation Order, the Debtors have served this Application upon (a) the Debtors; (b) counsel to the Debtors; (c) counsel to the Creditors' Committee; (d) counsel to LaSalle Bank, N.A.; and (e) the Office of the United States Trustee. The Debtors will also serve notice of the hearing on this Application upon those parties in interest that have requested notices in these cases.

## Nature of Services Performed by DPP

14. The professional services rendered by DPP during the Application Period required a high degree of professional competence and expertise, so that the numerous issues requiring evaluation and response by the Debtors could be addressed with skill and dispatch. The provision of such services, therefore, has required the expenditure of substantial time and effort. All services and costs for which compensation is requested by DPP in this Application were reasonable and necessary and were performed on behalf of the Debtors, and not for or on behalf of any other person. All of the professional services that DPP rendered to the Debtors during the Application Period are set forth in detail, and incorporated herein by reference, in Group Exhibit A.

15. During the Application Period, DPP incurred expenses, totaling $8,952.70, in relation to its service to the Debtors, for which DPP seeks compensation. A detailed

breakdown of expenses incurred by DPP during the Application Period is attached hereto as Exhibit B.

## Conclusion

16. No agreement exists between DPP and any third person for the sharing of compensation received by DPP in these cases, except as allowed by the exception set forth in section 504 of the Bankruptcy Code and Bankruptcy Rule 2016 with respect to the sharing of compensation among members of DPP.

17. From June 28, 2005 through and including September 8, 2005, DPP devoted 796 hours to represent the Debtors, and in so doing has provided the Debtors' estates with actual and necessary financial services worth a total of $320,000.00 and has incurred expenses totaling $8,952.70.

WHEREFORE, DPP, investment banker for the Debtors herein, respectfully requests that this Court enter an order:

A. Approving final compensation in favor of DPP in the amount of $320,000.00 for actual, necessary and reasonable professional services rendered on behalf of the Debtors from June 28, 2005 through and including September 8, 2005;

B. Approving final reimbursement of expenses in favor of DPP in the amount of $8,952.70 for actual, necessary and reasonable expenses incurred on behalf of the Debtors from June 28, 2005 through and including September 8, 2005;

C. Authorizing and directing the Debtors to pay to DPP the difference between the amount allowed hereunder and the amounts previously paid to DPP pursuant to the Interim Compensation Order; and

D.  Granting such other and further consistent relief as the Court may deem equitable and just.

Dated: September 15, 2005

Respectfully submitted,

*James C. Penman*

DONNELLY PENMAN & PARTNERS

Investment Banker to the Debtors and Debtors in Possession

## GROUP EXHIBIT A

### Services Provided

A. Assisted Debtors in the evaluation of their business.

B. Assisted Debtors in the identification and evaluation of transaction strategies and alternatives, including identifying and contacting additional prospective parties to a transaction ("Prospects"). DPP contacted 391 Prospects.

C. Assisted Debtors in the dissemination of descriptive information regarding Debtors to Prospects. DPP distributed 45 Offering Memorandums to Prospects.

D. Assisted Debtors in negotiating with Prospects, and in evaluating and qualifying competing offers, including the valuation of any securities or other assets offered as part of a transaction. Six offers were received from Prospects, six management presentations were scheduled and two management presentations were given to Prospects.

E. Assisted Debtors in negotiating a transaction with a specific interested party ("Stalking Horse") in accordance with the Bankruptcy Court procedures.

F. Assisted Debtors and their counsel in negotiating certain agreements ancillary to a transaction, as requested by Debtors.

G. Analyzed and Reviewed the Long-Term Business Plan and Related Matters.

H. Prepared Fee/Expense Application.

I. Participated in strategic meetings and conference calls with management and counsel.

J. Prepared for and attended various meetings with secured and unsecured creditors and advisors.

K. Participated in strategy meetings with various professionals regarding the Debtors' bankruptcy cases.

L. Prepared for and attended various court hearings.

M. Prepared for and attended due diligence facility visits.

N. Solicited and met with potential purchasers.

O. Developed, coordinated and implemented a full sale process of the Debtors' assets.

P. Prepared and reviewed information requests and related matters.

## EXHIBIT B

**DPP Expenses**

| Description | Amount |
| --- | --- |
| Database expense for buyer search | $2,000.00 |
| Materials/Printing (letterhead, paper, printing and binding materials for Phase I letters, Phase II letters, Offering Memorandums and Management Presentations) | 985.06 |
| Postage (mailing Phase I Letters and Offering Memorandums) | 630.29 |
| Travel (Jim Penman, Adam Fovenesi, Zac Urban, Roy Vorhees) | 4,865.24 |
| Communications (conference calls) | 472.11 |
| Total Expenses | $8,952.70 |
| Previously paid by Debtors | 8,331.11 |
| Balance | $621.59 |