**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JERNBERG INDUSTRIES, INC., | ) | Case No. 05-25909 |
| JERNBERG SALES, INC., and IRON | ) | (Jointly Administered) |
| MOUNTAIN INDUSTRIES, LLC, | ) | |
| | ) | Bankruptcy Judge John H. Squires |
| Debtors. | ) | |
| | ) | Hearing Date:  September 26, 2005 |
| | ) | Hearing Time:  9:30 a.m. |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on September 26, 2005, at 9:30 a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable John H. Squires in Courtroom 680 in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois, and present the attached **Motion of Debtors for Entry of Order (I) Converting Cases to Chapter 7, (II) Setting Deadline and Procedure for Filing and Approval of Final Fee Applications of Chapter 11 Professionals Prior to Conversion and (III) Limiting and Shortening Notice**.  You may appear at that time and place if you so desire.

Dated:  September 20, 2005          Respectfully submitted,


/s/ *Jerry L. Switzer, Jr.*
Mark K. Thomas (ARDC #06181453)
Jerry L. Switzer, Jr. (ARDC #06210229)
Peter J. Young (ARDC #06278765)
JENNER & BLOCK LLP
One IBM Plaza
Chicago, Illinois 60611
(312) 222-9350
(312) 840-7374 (Fax)

and

Joseph M. Fischer
CARSON FISCHER, P.L.C.
300 East Maple Road
Third Floor
Birmingham, Michigan 48009
(248) 644-4840
(248) 644-1832 (Fax)

Counsel for Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JERNBERG INDUSTRIES, INC., | ) | Case No. 05-25909 |
| JERNBERG SALES, INC., and IRON | ) | (Jointly Administered) |
| MOUNTAIN INDUSTRIES, LLC, | ) | |
| | ) | Bankruptcy Judge John H. Squires |
| Debtors. | ) | |
| | ) | Hearing Date:  September 26, 2005 |
| | ) | Hearing Time:  9:30 a.m. |

**MOTION OF DEBTORS FOR ENTRY OF ORDER (I) CONVERTING CASES TO CHAPTER 7, (II) SETTING DEADLINE AND PROCEDURE FOR FILING AND APPROVAL OF FINAL FEE APPLICATIONS OF CHAPTER 11 PROFESSIONALS PRIOR TO CONVERSION AND (III) LIMITING AND SHORTENING NOTICE**

The above-captioned debtors and debtors in possession (the "Debtors") move (this "Motion") this Court for entry of an order, in substantially the form of the proposed order attached hereto, (i) converting the Debtors' chapter 11 cases (the "Bankruptcy Cases") to chapter 7 of the Bankruptcy Code, (ii) setting a deadline and procedure for filing and approval of final fee applications of chapter 11 professionals prior to conversion and (iii) limiting and shortening notice.  In further support of this Motion, the Debtors state as follows:

**Jurisdiction**

1. On June 29, 2005 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  On July 8, 2005, the United States Trustee appointed an official committee of unsecured creditors (the "Committee").  The Debtors are in possession of their respective property pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

2. This Court has jurisdiction over this matter under 28 U.S.C. § 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. The statutory and rule-based predicates for the relief sought herein include sections 105 and 1112(a) of the Bankruptcy Code and Bankruptcy Rules 2002, 1017(f)(2) and 9006(c)(1).

### Introduction

4. As of the Petition Date, the Debtors collectively were one of the nation's largest independent suppliers of high volume forged and machined components for the transportation industry. The Debtors operated four production facilities in the Chicago area. The Debtors employed approximately 825 employees, including 177 salaried executives, managers and supervisors, and 577 hourly employees and 71 temporary employees. The Debtors commenced the Bankruptcy Cases as a result of challenging conditions in the automotive industry, including a series of developments which resulted in a significant reduction of the Debtors' liquidity position.[1]

5. On the Petition Date, the Debtors filed a motion seeking approval of bidding procedures in connection with the proposed sale (the "Sale") of substantially all of their assets to Hephaestus Holdings, Inc. ("HHI"), an acquisition entity set up by and affiliated with KPS Special Situations Fund II, L.P. ("KPS") for $1,250,000 cash and the assumption of certain of the Debtors' liabilities.

---

[1] A more extensive discussion of the Debtors and their corporate and capital structure is set forth in the Declaration of A. Jeffery Zappone, Chief Restructuring Officer of the Debtors (the "Zappone Affidavit"), which was filed concurrently with and in support of various first-day motions on June 29, 2005.

CHICAGO_1310146_3

6. The Bankruptcy Cases were filed in order to implement the Sale to HHI pursuant to sections 363 and 365 of the Bankruptcy Code. On August 24, 2005, the Court entered an order authorizing and approving the Sale to HHI. The parties closed the Sale on September 7, 2005 (the "Closing"). Effective as of the Closing, the Debtors ceased all operations and terminated all of their employees. As of the date hereof, the Debtors have no employees and all but one of the members of the Debtors' board of directors have resigned.

### Relief Requested

**Conversion to Chapter 7**

7. Section 1112(a) of the Bankruptcy Code provides that "the debtor may convert a case under this chapter to a case under chapter 7 of this title unless--(1) the debtor is not a debtor in possession; (2) the case originally was commenced as an involuntary case under this chapter; or (3) the case was converted to a case under this chapter other than on the debtor's request." 11 U.S.C. § 1112(a). None of the above exceptions applies to these Bankruptcy Cases, so the Debtors are entitled to convert the Bankruptcy Cases to chapter 7 of the Bankruptcy Code. See In re Dieckhaus Stationers of King of Prussia, Inc., 73 B.R. 969, 971 (Bankr. E.D. Pa. 1987) ("The former provision [§ 1112(a)], by its terms, gives the debtor an absolute right to convert, unless the case is governed by one of the enumerated exceptions. The legislative history confirms Congress' intent to give debtors an absolute right to convert from chapter 11 to chapter 7.").

8. As described above, the Debtors ceased all operations and terminated all of their employees as of the Closing. The Debtors believe that given the ongoing administrative expenses of maintaining the Bankruptcy Cases in chapter 11 and the absence of any source of operating revenue, the Debtors' estates are suffering and will continue to suffer loss and

3

diminution. Based on these facts, the Debtors, in the exercise of their business judgment, have elected to convert the Bankruptcy Cases to chapter 7 of the Bankruptcy Code.

9. The Debtors believe that conversion of the Bankruptcy Cases to chapter 7 is in the best interests of the Debtors' estates, creditors and parties in interest. Conversion will preserve the remaining assets of the Debtors' estates, while reducing administrative expenses by, among other things, substituting one set of professionals (of the chapter 7 trustee) for three sets of professionals (of the Debtors, the Committee and the Committee of Non-Union Retirees). Moreover, conversion will eliminate the cost and expense of a plan, disclosure statement and solicitation procedures.

10. Accordingly, the Debtors seek to convert the Bankruptcy Cases to chapter 7, as provided below.

11. Upon conversion, the assets of the Debtors' chapter 7 estates will consist of approximately $1.25 million cash from the Sale to HHI, causes of action against certain of the Debtors' purported capital lessors, and preference and other avoidance causes of action.

12. The Debtors believe that there will be sufficient estate assets to enable a chapter 7 trustee to pay all chapter 7 and chapter 11 administrative expenses in full, and to make a distribution on account of priority and general unsecured claims.

13. To facilitate the chapter 7 trustee's efforts, the Debtors shall file a schedule of unpaid debts incurred after the Petition Date and before the Conversion Date (as defined below), and (b) file and transmit to the United States Trustee a final report and account, pursuant to Bankruptcy Rule 1019(5)(A).

4

**Final Fee Applications**

14. The Debtors propose that prior to conversion of the Bankruptcy Cases, all professionals retained in these Bankruptcy Cases under sections 327, 328 or 1103 of the Bankruptcy Code by the Debtors, the Committee or otherwise (collectively, the "Chapter 11 Professionals") shall file their final fee applications, including an estimate of anticipated fees and expenses from the date of the final applications through the date of the hearing thereon (collectively, the "Final Fee Applications") no later than September 29, 2005. Each Chapter 11 Professional shall serve its respective Final Fee Application on the Notice Parties (as defined in the Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Professionals (the "Interim Compensation Order") entered by the Court on July 5, 2005), so that it is received by such Parties no later than September 29, 2005.

15. The Debtors further propose that the hearing on the Final Fee Applications be held on October 6, 2005, at 9:30 a.m., which is the same date and time as the hearing on the first quarterly interim fee applications filed by the Chapter 11 Professionals pursuant to the Interim Compensation Order.[2] Any objection to any Final Fee Application must be filed and served so as to be received by the applicant and the Notice Parties on or before October 4, 2005.

16. The Debtors further propose that no later than two (2) days before the hearing on the Final Fee Applications, each Chapter 11 Professional shall file an affidavit setting forth the actual amount of fees and expenses incurred after the date of such Professional's Final Fee Application, which affidavit shall be updated at the hearing.

**Conversion Date**

---

[2] The interim fee applications cover the period from the Petition Date through August 31, 2005, and the Final Fee Applications will seek approval of additional fees and expenses for the period September 1, 2005 through October 5, 2005.

5

17. The Debtors propose that each of the Bankruptcy Cases be converted to a case under chapter 7 of the Bankruptcy Code, effective as of 12:01 a.m. on the eleventh (11) day (computed in accordance with Bankruptcy Rule 9006) after entry of the orders granting the Final Fee Applications filed by the Chapter 11 Professionals (the "Conversion Date").

18. In the event a party in interest files a motion for reconsideration or an appeal or takes such other action with respect to one or more of the orders approving the Final Fee Applications such that the order(s) is not final and nonappealable, the conversion of the Bankruptcy Cases shall not occur on the Conversion Date, but will become effective at such time as the order(s) becomes final and nonappealable. However, the Debtors reserve the right to convert the Bankruptcy Cases as of the Conversion Date (or thereafter) notwithstanding the pendency of any motion for reconsideration or appeal, by filing a notice of conversion in each of the Bankruptcy Cases, in which case the conversion shall be effective as of the date of such filing.

19. Assuming no appeal or other action is taken with respect to the orders approving the Final Fee Applications, the Conversion Date will occur at 12:01 a.m. on October 18, 2005.

20. Notwithstanding anything to the contrary set forth above, the Chapter 11 Professionals shall reserve the right to apply to the Court for approval of compensation earned and reimbursement of expenses incurred during the period from the hearing on the Final Fee Applications to the Conversion Date.

21. The Debtors hereby request that the orders entered by the Court approving the Final Fee Applications shall be binding upon all creditors, equity holders and other parties in interests in the Bankruptcy Cases, including, without limitation, the chapter 7 trustee(s) appointed in the Bankruptcy Cases for the Debtors' estates on or after the Conversion Date.

**Shortened and Limited Notice**

22. The Debtors respectfully submit that cause exists to limit and shorten notice of this Motion to convert the Bankruptcy Cases to that notice already given. Because the Debtors have the automatic right to convert the Bankruptcy Cases to chapter 7 pursuant to section 1112(a) of the Bankruptcy Code, little or no purpose will be served by requiring 20-day notice of this Motion pursuant to Bankruptcy Rule 2002(a)(4), or serving such notice on all creditors, equity security holders and other parties in interest pursuant to Bankruptcy Rules 2002(d)(4) and (f)(2) (the cost of which would be substantial).

23. The Debtors also submit that cause exists to shorten notice of the Final Fee Applications and the hearing thereon. The Interim Compensation Order limits notice of the filing of fee applications in the Bankruptcy Cases to the Notice Parties, consisting of the Debtors, counsel to the Debtors, counsel to the Committee, counsel to LaSalle Bank and the United States Trustee. The Final Fee Applications will only seek approval of additional fees and expenses (beyond the fees and expenses to be approved pursuant to the pending interim fee applications) covering a 34-day period from September 1 through October 5, so the Notice Parties (and the Court) should have sufficient time to review and analyze the Final Fee Applications prior to the objection deadline and the hearing.

**Notice**

24. Notice of this Motion has been given to: (a) the United States Trustee; (b) counsel to LaSalle Bank, N.A.; (c) the Debtors' known secured Creditors; (d) the District Counsel of the Internal Revenue Service; (e) the Collection Division of the Illinois Department of Revenue; (f) the United States Attorney for the Northern District of Illinois; (g) the Debtors' Creditors that are governmental units; (h) counsel for the Committee; and (i) all other parties requesting notices

7

in the Bankruptcy Cases. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

**No Prior Request**

25. The Debtors have not previously sought the relief requested herein from this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an Order converting the Bankruptcy Cases to chapter 7 of the Bankruptcy Code, establishing a deadline and procedure for filing and approval of the Final Fee Applications prior to conversion, shortening and limiting notice as set forth above, and granting such further relief as may be equitable and just.

Dated: September 20, 2005            Respectfully submitted,

                                                               */s/ Jerry L. Switzer, Jr.*
                                                Mark K. Thomas (ARDC #06181453)
                                                Jerry L. Switzer, Jr. (ARDC #06210229)
                                                Peter J. Young (ARDC #06278765)
                                                JENNER & BLOCK LLP
                                                One IBM Plaza
                                                Chicago, Illinois 60611
                                                (312) 222-9350
                                                (312) 840-7374 (Fax)

                                                               and

                                                Joseph M. Fischer
                                                Carson Fischer, P.L.C.
                                                300 East Maple Road
                                                Third Floor
                                                Birmingham, Michigan 48009
                                                (248) 644-4840
                                                (248) 644-1832 (Fax)

                                                Counsel for Debtors and Debtors in Possession

8