## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 Proceeding |
| | ) | |
| JII LIQUIDATING, INC., f/k/a JERNBERG | ) | Case No. 05-25909 |
| INDUSTRIES, INC.; JSI LIQUIDATING INC., | ) | (Jointly Administered) |
| f/k/a JERNBERG SALES, INC., and IM | ) | |
| LIQUIDATING, INC., f/k/a/ IRON MOUNTAIN | ) | Honorable John H. Squires |
| INDUSTRIES, LLC., | ) | |

Debtors.

### NOTICE OF FILING

To:     See attached Service List

PLEASE TAKE NOTICE that on October 24, 2005, we filed with the Clerk of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, First and Final Fee Application of FagelHaber, LLC as Counsel for The Committee of Non-Union Retirees of Jernberg Industries, copies of which are attached hereto.

FAGELHABER, LLC, AS COUNSEL FOR
THE COMMITTEE OF NON-UNION
RETIREES OF JERNBERG INDUSTRIES,

By:     /s/ Lauren Newman
One of Its Attorneys

Lauren Newman, Esq. (Bar No. 6188355)
Dennis E. Quaid, Esq. (Bar No. 2267012)
FAGELHABER LLC
55 East Monroe, 40th Floor
Chicago, IL   60603
Phone: (312) 580-2328
Fax: (312) 782-3659

## CERTIFICATE OF SERVICE

I, Lauren Newman, an attorney, state that I caused to be electronically filed with the Bankruptcy Court the foregoing Notice of Filing together with the **First and Final Fee Application of FagelHaber, LLC, as Counsel for The Committee of Non-Union Retirees of Jernberg Industries,** which Court will automatically send e-mail notification to all registered counsel of record, or by U.S. Mail as noted on the attached Service List, in an envelope addressed to each of them, postage prepaid, on the 24th day of October, 2005, in the U.S. Government Mail, at 55 East Monroe Street, Chicago, Illinois 60603, before the hour of 5:00 p.m.


                                        /s/ Lauren Newman

## Service List

| | | |
|---|---|---|
| Paula K. Jacobi, Esq.<br>Sugar, Friedberg & Felsenthal<br>30 North LaSalle Street<br>Suite 3000<br>Chicago, IL   60602<br>pjacobi@sff-law.com | Thomas F. Blakemore, Esq.<br>Winston & Strawn<br>35 West Wacker Drive<br>Chicago, IL   60601<br>(via U.S. Mail) | |
| Jerry L Switzer<br>Jenner & Block<br>One IBM Plaza<br>Chicago, IL 60611<br>jswitzer@jenner.com | Kathryn M. Gleason<br>United States Trustee<br>227 West Monroe Street<br>Suite 3350<br>Chicago, IL   60606<br>Kathryn.M.Gleason@usdoj.gov | |
| Richard J. Mason, Esq.<br>McGuire Woods, LLP<br>77 West Wacker Drive<br>Suite 4100<br>Chicago, IL   60601<br>rmason@mcguirewoods.com | JII Liquidation, Inc.<br>JSI Liquidation, Inc.<br>IM Liquidation, Inc.<br>Attn:  Mr. Jeffery Zappone<br>328 West 40th Place<br>Chicago, IL 60609<br>(via U.S. Mail) | |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE:<br><br>JII LIQUIDATING, INC., f/k/a JERNBERG<br>INDUSTRIES, INC.; JSI LIQUIDATING INC.,<br>f/k/a JERNBERG SALES, INC., and IM<br>LIQUIDATING, INC., f/k/a/ IRON<br>MOUNTAIN INDUSTRIES, LLC.,<br><br>                            Debtors. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Chapter 11 Proceeding<br><br><br>Case No. 05-25909<br>(Jointly Administered)<br><br>Honorable John H. Squires |

## COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION

Name of Applicant:  Lauren Newman, Esq., FagelHaber LLC

Authorized to Provide Professional Services to: The Committee of Non-Union Retirees of Jernberg Industries, Inc.

Date of Order Authorizing Employment:  September 22, 2005 *(nunc pro tunc)*

Period for Which Interim Compensation is Sought:  August 30, 2005, through October 24, 2005

Amount of Fees Sought for Allowance:  First and Final Compensation in the amount of $29,782.50 and expenses in the amount of $1,441.96.

Amount of Fees Sought for Allowance::  No prior applications.

This is a:  First and Final Application _____X_____

Date:                                          Applicant:

October 24, 2005                    FAGELHABER LLC


                    By:____/s/ Lauren Newman_____
                            Lauren Newman, Esq.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

IN RE:                                        )      Chapter 11 Proceeding
                                              )
JII LIQUIDATING, INC., f/k/a JERNBERG         )
INDUSTRIES, INC.; JSI LIQUIDATING INC.,       )      Case No. 05-25909
f/k/a JERNBERG SALES, INC., and IM            )      (Jointly Administered)
LIQUIDATING, INC., f/k/a/ IRON                )
MOUNTAIN INDUSTRIES, LLC.,                    )
                                              )      Honorable John H. Squires
                        Debtors.              )

### FIRST AND FINAL APPLICATION OF FAGELHABER LLC FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR AUGUST 30, 2005 THROUGH OCTOBER 24, 2005, RELATING TO THE REPRESENTATION OF THE COMMITTEE OF NON-UNION RETIREES OF JERNBERG INDUSTRIES

FagelHaber, LLC, ("FH") attorneys for The Committee of Non-Union Retirees of Jernberg Industries (the "Retirees Committee"), pursuant to § 331 of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 2002(a), and the Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Professionals entered in these cases, hereby requests this Court for an Order allowing and approving: $29,782.50 in compensation for FH's legal services from August 30, 2005 through October 24, 2005; and (ii) $1,441.96 as reimbursement of expenses incurred and posted by FH in connection with the cases for the same time period. In its Application, FH respectfully states:

### I. BACKGROUND

1.      On June 29, 2005 (the "Petition Date"), the captioned Debtors and Debtors-in-Possession (the "Debtors") each filed a voluntary petition for reorganization relief with this court under Chapter 11 of the Bankruptcy code.

2.    The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (O).

3.    On August 4, 2005, this Court entered an order granting the Debtors' motion to appoint a non-union retirees committee pursuant to Section 1114(d) of the Code and to establish procedures for the committee formation process.  On August 22, 2005, this Court entered an order appointing members of the Retirees Committee.  On August 30, 2005, the Committee selected FH as its counsel.

4.    On September 22, 2005, this Court entered an Order approving the retention of FH as counsel for the Retirees Committee nun pro tunc to August 30, 2005.

5.    On October 10, 2005, these cases were converted to proceedings under Chapter 7.

**II. THE FEES AND EXPENSES WERE REASONABLE AND NECESSARY**

6.    FH contributed substantial value to the estate by assisting the Retirees Committee in fulfilling its statutory role under 11 U.S.C § 1114 of the Bankruptcy Code.  The Retirees Committee was charged with the responsibility of acting in their capacity the representatives of the non-union retirees of the Debtors.  While the original purpose of the Retirees Committee was to negotiate with the Debtors in good faith as required under § 1114 of the Code, of an orderly transition of retiree health benefits, it was immediately faced with the abrupt termination of health benefits during the course of the case.

7.    On September 7, 2005, non-union retiree health benefits were terminated without notice.  FH, on behalf of the Retirees Committee, took the immediate action of filing an emergency motion to reinstate benefits.  FH later filed an adversary Complaint against the

Debtors and United Healthcare Insurance Company for declaratory and injunctive relief, and for damages resulting from the termination of health benefits.

8.     The work of FH on behalf of the non-union retirees resulted in settlement which benefited both the estate and the retirees.  The work of FH resulted in a reinstatement of health insurance coverage for the non-union retirees from September 7, 2005, the date of termination, through the date of conversion of the case to Chapter 7, October 10, 2005. The settlement also resulted in the purchaser of the Debtors' assets to allow the non-union retirees to apply for COBRA in order to continue the health benefits.  The estate benefited from the settlement in that the process and funding of the payment of medical claims was established by agreement of all the parties.  The expenses and attorneys fees of FH are reasonable and necessary for the administration of the case and for the Retirees Committee members to fulfill their statutory role in representing the non-union retirees.

9.     FH has not made any prior requests for compensation or reimbursement of expenses in this case.  FH has not received any payment or promises of payment from any source for services rendered or to be rendered in an any capacity in connection with the matters covered by this Application, and there is no agreement or understanding between FH and any other entity, other than members of the FH law firm, for sharing of compensation to be received in connection with FH's representation of the Retirees Committee.

10.     The following attorneys and paralegals  performed services in the case:

| Attorney | Title | Hours Spent | Hourly Rate | Total Fees |
|---|---|---|---|---|
| Dennis E. Quaid | Partner | 12.6 | $395.00 | $4,977.00 |
| Lauren Newman | Associate | 70.6 | $250.00 | $17,650.00 |
| Lauren Newman | Associate | 22.3 | $265.00 | $5,909.50 |

| Wenette Bradford | Paralegal | 8.9 | $140.00 | $1,246.00 |

11.    The Court has a duty to examine independently the reasonableness of the fees requested. *In re Wyslak*, 94 B.R. 540, 541 (Bankr. N.D. Ill. 1988); *In re Chicago Lutheran Hosp. Ass'n,* 89 B.R. 719, 734-35 (Bankr. N.D. Ill. 1988). The burden of proof to show entitlement to the fees requested is on the Law Firm. See In re Kenneth Leventhal & Co., 19 F.3d 1174, 1177 (7th Cir.1994); *In re Stoecker*, 114 B.R. 965, 969 (Bankr. N.D. Ill. 1990); *In re Pettibone Corp.,* 74 B.R. 293, 299 (Bankr. N.D. Ill. 1987).

12.    This Court has stated in *In re Rite Way Reproductions, Inc.,* 1998 LEXIS 1080 (Bankr. N.D. Ill. 1998) that it utilizes the factors cited in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). The twelve *Johnson* factors are as follows: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 717-19.

### III.    SERVICES RENDERED BY FH TO THE NON-UNION RETIREES COMMITTEE BY CATEGORY

#### A. The services provided were reasonable and necessary

13.    As described in greater detail in FH's bills, copies of which are attached to this Application as Exhibits A through F and by express reference made a part hereof, FH has expended a total of   hours representing the Retirees Committee from August 30, 2005 through September 30, 2005.  Given the limited nature of the retention and the statutory role of the

Retirees Committee, FH utilized the services of only two attorneys and one paralegal, to provide

services in a cost-effective manner.

**B. Case administration**

14.    The services in this category include, without limitation, (i) issues surround the

general administration of the bankruptcy case (ii) the conversion of the case from Chapter 11 to

Chapter 7 (iii) the impact of the conversion on the Retirees Committee, the non-union retiree

health benefits, and the Debtors' duties under Chapter 7 as opposing to Chapter 11, and (iv)

multiple communications with counsel and members of the Retirees Committee regarding

administration and conversion of the cases.

**Summary**

| Attorney or Paralegal | Hours | Hourly Rate | Amount |
|---|---|---|---|
| Dennis E. Quaid Attorney | 0.2 | 395.00 | $79.00 |
| Lauren Newman Attorney | 4.0 | 250.00 | $1,000.00 |
| Lauren Newman Attorney | 1.5 | 265.00 | $397.50 |
| Wenette Bradford Paralegal | 0.5 | 140.00 | $70.00 |
| **TOTAL** | **6.2** | | **$1,546.50** |

**C. Retention of Professionals.**

15.    The services in this category included, without limitation, (i) meeting with the

Retirees Committee to become their counsel and to advise them on their statutory role and

obligations (ii) preparation of the application of FH to be retained as the Retirees Committee's

counsel, and (iii)  appear in Court for approval of the retention of FH.

**Summary**

| Attorney or Paralegal | Hours | Hourly Rate | Amount |
|---|---|---|---|
| Dennis E. Quaid Attorney | 4.20 | 395.00 | $1,659.00 |
| Lauren Newman Attorney | 8.80 | 250.00 | $2,200.00 |
| Lauren Newman | .70 | 265.00 | $185.50 |
| Wenette Bradford Paralegal | 1.20 | 140.00 | $168.00 |
| TOTAL | 14.90 | | $4,212.50 |

## D.  Fee Applications and Objections

16.    The services in this category included, without limitation, (i) reviewing other counsels' applications filed in the case (ii)  prepare the monthly statement and correspondence to submit bills for payment under the procedures order; (iii) reviewing and organizing billings by category for the final fee application; and (iv) prepare the first and final fee application of FH as counsel for the Retirees Committee.

**Summary**

| Attorney or Paralegal | Hours | Hourly Rate | Amount |
|---|---|---|---|
| Dennis E. Quaid Attorney | .20 | 395.00 | $79.00 |
| Lauren Newman | 8.20 | 265.00 | $2,173.00 |
| Wenette Bradford Paralegal | 3.80 | 140.00 | $532.00 |
| TOTAL | 12.20 | | $2,784.00 |

## E.  Legal research on the termination of the Non-Union Retiree Health Benefits

17.    This category includes, without limitation, (i) legal research on the extent and priority of any claims the retirees may have for termination of health benefits, (ii) the impact of

the termination of the health benefits without notice to the non-union retirees, (iii) legal research for the remedies for illegal termination of health benefits under § 1114 of the Code, (iv) legal research into employee benefits law for the remedies for cutting off health insurance without notice and (v) legal research into the impact of a liquidation or conversion on funding of health benefits for the retirees.

**Summary**

| Attorney or Paralegal | Hours | Hourly Rate | Amount |
|---|---|---|---|
| Dennis E. Quaid Attorney | 1.40 | 395.00 | $553.00 |
| Lauren Newman Attorney | 8.70 | 250.00 | $2,175.00 |
| **TOTAL** | **10.10** | | **$2,728.00** |

**F. Termination of Health Benefits to the Non-Union Retirees.**

18.    This category includes, without limitation, (i) multiple discussions and conferences with the Retirees Committee on the termination of health insurance on September 7, 2005, (ii) prepare and file an emergency motion to reinstate the non-union retiree health benefits, (iii) multiple court appearances on the emergency motion, (iv) multiple conferences with counsel for the Debtors and other parties to attempt to resolve the termination problem; and (v) conferences with United Healthcare and their counsel re termination of health benefits.

**Summary**

| Attorney or Paralegal | Hours | Hourly Rate | Amount |
|---|---|---|---|
| Dennis E. Quaid Attorney | 3.40 | 395.00 | $1,343.00 |
| Lauren Newman Attorney | 24.30 | 250.00 | $6,075.00 |
| Lauren Newman Attorney | 2.1 | 265.00 | $556.50 |

| | | | |
|---|---|---|---|
| Wenette Bradford Paralegal | 1.70 | 140.00 | $238.00 |
| **TOTAL** | **31.50** | | **$8,212.50** |

## G. Review of Pleadings

19.    This category includes, without limitation, review and analysis of general pleadings in the case, in order for counsel to familiarize themselves with the case and to assess the proceedings impact, if any, on the non-union retirees.

**Summary**

| Attorney or Paralegal | Hours | Hourly Rate | Amount |
|---|---|---|---|
| Dennis E. Quaid Attorney | 1.40 | 395.00 | $553.00 |
| Lauren Newman Attorney | 5.00 | 250.00 | $1,250.00 |
| **TOTAL** | **6.40** | | **$1,803.00** |

## H. The adversary proceeding

20.    This category includes, without limitation, (i) the preparation of the adversary complaint against the Debtors and United Healthcare Insurance Company for declaratory and injunctive relief and for damages; (ii) conferences and negotiations with counsel for the Debtors and United Healthcare to attempt to resolve the Complaint (iii) discussions with the Retirees Committee regarding the resolution of the Complaint; and (iv) negotiate the settlement of the Complaint with all parties and review and finalize the Stipulation and Agreed Order resolving the dispute of the termination of the non-union retirees' health benefits.

**Summary**

| Attorney or Paralegal | Hours | Hourly Rate | Amount |
|---|---|---|---|
| Dennis E. Quaid Attorney | 1.80 | 395.00 | $711.00 |
| Lauren Newman Attorney | 19.80 | 250.00 | $4,950.00 |
| Lauren Newman | 9.80 | 265.00 | $2,597.00 |
| Wenette Bradford Paralegal | 1.70 | 140.00 | $238.00 |
| **TOTAL** | **33.10** | | **$8,496.00** |

20.   FH also seeks $1,441.96 for costs and expenses it incurred in connection with the representation of the Retirees Committee that were posted for the August 30, 2005 through September 30, 2005 time period.  These expenses and costs are as follows:

| Expense catagory | | | Amount |
|---|---|---|---|
| Photocopy charges (at $.10 per page) | | | $663.00 |
| Delivery charges | | | $9.60 |
| Postage | | | $221.51 |
| Lexis legal research | | | $216.01 |
| PACER research | | | $81.84 |
| Filing fees | | | $250.00 |
| **TOTAL** | | | **$1,441.96** |

21.   The fees and expenses were reasonable and necessary for the representation of the Retirees Committee, given the immediate problem of the termination of health benefits and the work to resolve the transition.

WHEREFORE, FagelHaber, LLC, as counsel for the Committee of Non-Union Retirees of Jerngberg Industries, requests the entry of an order in the form attached as Exhibit B:

A.      Authorizing the allowance and payment of final compensation to FagelHaber, LLC as Counsel to the Retirees Committee in the amount of $29,782.50  for  hours of legal services rendered to the Retirees Committee between the dates of August 30, 2005 and October 24, 2005;

B.      Authorizing expense reimbursement to FagelHaber, LLC as Counsel to the Retirees Committee in the amount of $1,441.96 for expenses incurred between the dates of August 30, 2005 and October 24, 2005;

C.      Authorizing the Trustee to pay immediately the allowed fees and expenses to FagelHaber, LLC in accordance with the Administrative Procedures Order entered in these cases.

Dated: October 24, 2005                    Respectfully submitted,

LAUREN NEWMAN AND
THE LAW FIRM OF
FAGELHABER, LLC, COUNSEL FOR
COMMITTEE OF NON-UNION
RETIREES OF JERNBERG INDUSTRIES,


By:   /s/ Lauren Newman
          Lauren Newman, Esq.

Lauren Newman, Esq. (Bar No. 6188355)
FAGELHABER LLC
55 East Monroe Street, Suite 4000
Chicago, Illinois 60603
Tel. (312) 346-7500
Fax (312) 580-2201