# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JII LIQUIDATING, INC. f/k/a JERNBERG | ) | Case No. 05-25909 |
| INDUSTRIES, INC.; JSI LIQUIDATING, | ) | (Jointly Administered) |
| INC. f/k/a JERNBERG SALES, INC; and | ) | |
| IM LIQUIDATING, LLC f/k/a IRON | ) | Bankruptcy Judge John H. Squires |
| MOUNTAIN INDUSTRIES, LLC, | ) | |
| | ) | Hearing Date:  November 21, 2005 |
| Debtors. | ) | Hearing Time:  10:00 a.m. |

## <u>NOTICE OF MOTION</u>

PLEASE TAKE NOTICE that on November 21, 2005, at 10:00 a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable John H. Squires in Courtroom 680 in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois, and present the attached **Second Interim and Final Application of Carson Fischer, P.L.C. Co-Counsel to the Debtors, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses**.  You may appear at that time and place if you so desire.

Dated:  October 24, 2005                    Respectfully submitted,


                                            /s/ *Jerry L. Switzer, Jr.*
                                            Mark K. Thomas (ARDC #06181453)
                                            Jerry L. Switzer, Jr. (ARDC #06210229)
                                            Peter J. Young (ARDC #06278765)
                                            JENNER & BLOCK LLP
                                            One IBM Plaza
                                            Chicago, Illinois 60611
                                            (312) 222-9350
                                            (312) 840-7374 (Fax)


                                            and


                                            Joseph M. Fischer
                                            CARSON FISCHER, P.L.C.
                                            300 East Maple Road
                                            Third Floor
                                            Birmingham, Michigan 48009
                                            (248) 644-4840
                                            (248) 644-1832 (Fax)


                                            Counsel for Debtors

## CERTIFICATE OF SERVICE

I, Jerry L. Switzer, Jr., certify that I caused the attached **Second Interim and Final Application of Carson Fischer, P.L.C. Co-Counsel to the Debtors, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses** to be served upon the parties on the attached Service List via first class United States Mail, properly addressed and postage prepaid, on October 24, 2005.

*/s/ Jerry L. Switzer, Jr.*
Jerry L. Switzer, Jr.

## <u>SERVICE LIST</u>

Paula K. Jacobi
Sugar, Friedberg & Felsenthal LLP
30 North LaSalle Street
Suite 3000
Chicago, IL 60602

A. Jeffrey Zappone
c/o Jernberg Liquidating, Inc.
328 West 40th Place
Chicago, IL  60609

Thomas Blakemore
Winston & Strawn LLP
Counsel to LaSalle Bank, N.A.
35 West Wacker Drive
Chicago, IL  60601

Office of the United States Trustee
Attn:  Kathryn Gleason
227 West Monroe Street
Suite 3300
Chicago, IL  60606

Richard J. Mason
McGuireWoods Ross & Hardies
150 North Michigan Avenue
Suite 2500
Chicago, IL  60601

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

-------------------------------------------------------x
                                                       )
In Re:                                                 )     Case No: 05-25909
                                                       )     Chapter 7
JII LIQUIDATING, INC., f/k/a JERNBERG)
INDUSTRIES, INC.; JSI LIQUIDATING   )
INC. f/k/a JERNBERG SALES, INC. and )                        (Jointly Administered)
IM LIQUIDATING, LLC f/k/a IRON      )
MOUNTAIN INDUSTRIES, LLC,           )                        Bankruptcy Judge John H. Squires
                                                       )
                                                       )     **Hearing Date: November 21, 2005**
                               Debtors.                )     **Hearing Time: 10:00 a.m.**
-------------------------------------------------------x     **Objection Deadline: November 14, 2005**

## SECOND INTERIM AND FINAL APPLICATION OF CARSON FISCHER, P.L.C., CO-COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION FOR <u>SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES</u>

Carson Fischer, P.L.C. ("<u>Carson Fischer</u>"), co-counsel to the above-captioned debtors

and debtors-in-possession (collectively, the "<u>Debtors</u>"), pursuant to sections 105, 330 and 331 of

chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "<u>Bankruptcy</u>

<u>Code</u>"), Rules 2002(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy</u>

<u>Rules</u>") and Local Rule 607 of the Rules of Bankruptcy Practice and Procedure of the United

States Bankruptcy Court for the Northern District of Illinois (the "<u>Local Rules</u>"), hereby submits

this Second Interim and Final Application of Carson Fischer, P.L.C., Co-Counsel to the Debtors,

For Allowance of Compensation for Services Rendered and Reimbursement of Expenses

Incurred for (i) the interim period September 1, 2005 Through and Including October 9, 2005

(the "<u>Second Interim Period</u>") and (ii) the final application period of June 29, 2005 through and

including October 9, 2005 (the "<u>Final Application Period</u>") and respectfully requests that this

Court enter an order awarding Carson Fischer interim compensation of $11,577.50 for

professional services rendered and $430.03 for ordinary and necessary expense incurred during the Second Interim Period and award Carson Fischer final approval of $167,147.50 for professional services rendered and $5,728.79 for ordinary and necessary expenses incurred during the Final Application Period.    In support of the foregoing requests, Carson Fischer respectfully states as follows:

## JURISDICTION

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This Application is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      The statutory predicates for the relief requested herein are sections 105(a), 330 and 331 of the Bankruptcy Code.

## BACKGROUND

3.      On June 29, 2005 (the "Petition Date"), each of the Debtors commenced their respective bankruptcy cases (collectively, the "Cases") by filing voluntary petitions for relief under the Bankruptcy Code.

4.      The Debtors are continuing in possession of their property and are operating their business as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

### Carson Fischer's Retention

5.      On June 29, 2005, Debtors filed their application to retain and employ Carson Fischer as co-bankruptcy counsel (the "Retention Application").    On July 21, 2005, this Court entered its Order Authorizing the Employment and Retention of Carson Fischer, P.L.C. as co-counsel pursuant to Section 327(a) of the Bankruptcy Code (the "Retention Order") authorizing the retention of Carson Fischer as the Debtors' co-bankruptcy counsel to perform the services

2

described in the Retention Application on behalf of the Debtors in connection with the Cases. A copy of the Retention Order is attached hereto as **Exhibit A** and incorporated herein by this reference.

### Status of the Case

6.     The Debtors have sold substantially all of their assets and, effective as of October 10, 2005, the Case was converted to a Chapter 7 proceeding.

### INTERIM COMPENSATION ORDER

7.     On July 5, 2005, this Court entered the Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "Interim Compensation Order"), pursuant to which Carson Fischer and other professionals retained in these cases are authorized to serve upon the parties identified therein monthly invoices (the "Monthly Fee Statements"). Upon expiration of a ten-day objection period specified in the Interim Compensation Order, if no objection is received, the Debtors are authorized to pay Carson Fischer and other professionals ninety percent (90%) of the fees and 100% of the expenses sought in the Monthly Fee Statements. If an objection is received, the Debtors are authorized to pay ninety percent (90%) of the fees and 100% of the expenses that are not subject to the objection.

8.     At quarterly intervals or at such other intervals as the Court may otherwise direct, the Interim Compensation Order requires each professional to file with the Court and serve upon the required notice parties an interim application (an "Interim Application") for approval and allowance of all amounts requested during that interim fee period.

9.     On July 18, 2005, Carson Fischer served its Monthly Fee Statement for June, 2005, seeking payment of fees in the amount of $1,297.50 and reimbursement of expenses in the

amount of $2,613.28. Carson Fischer received no objection to this Monthly Fee Statement.

Accordingly, the Debtors paid ninety percent (90%) of the fees requested ($1,167.75) and 100%

of the expenses requested ($2,613.28) pursuant to the Interim Compensation Order.

10. On August 15, 2005, Carson Fischer served its Monthly Fee Statement for July,

2005, seeking payment of fees in the amount of $85,958.00 and reimbursement of expenses in

the amount of $909.40. Carson Fischer received no objection to this Monthly Fee Statement.

Accordingly, the Debtors paid ninety percent (90%) of the fees requested ($77,362.20) and 100%

of the expenses requested ($909.40) pursuant to the Interim Compensation Order.

11. On September 15, 2005, Carson Fischer served its Monthly Fee Statement for

August, 2005, seeking payment of fees in the amount of $67,660.00 and reimbursement of

expenses in the amount of $891.72. Carson Fischer received no objection to this Monthly Fee

Statement. Accordingly, Carson Fischer was paid ninety percent (90%) of the fees requested

($60,894.00) and 100% of the expenses requested ($891.72) pursuant to the Interim

Compensation Order.

12. On September 15, 2005, Carson Fischer filed its *First Interim Fee Application of*

*Carson Fischer, P.L.C., Co-Counsel To The Debtors For Allowance Of Compensation For*

*Services Rendered And Reimbursement Of Expenses Incurred For The Period From June 29,*

*2005 through And Including August 31, 2005* (the "First Interim Application"), seeking interim

payment of fees in the amount of $155,570.00 and interim reimbursement of expenses in the

amount of $4,413.51. The First Interim Application is incorporated by reference.

13. At a hearing on October 6, 2005, the First Interim Application was presented to

the Court for approval. The Court adjourned the hearing on the First Interim Application to

October 27, 2005 and requested that Carson Fischer supplement its First Interim Application with respect to certain requests for reimbursement of expenses.

14.　　On October 18, 2005, Carson Fischer submitted a supplement to its First Interim Application (the "Supplement") which is incorporated by reference.

15.　　On October 14, 2005, Carson Fischer served its Monthly Fee Statement for September, 2005, seeking payment of fees in the amount of $11,577.00 and reimbursement of expenses in the amount of $420.78. Carson Fischer anticipates that no objections to the Monthly Fee Statement for September will be filed (the deadline for filing such objection is October 24, 2005) and then promptly thereafter the Debtors will pay Carson Fischer ninety percent (90%) of the fees requested ($10,419.30) and 100% of the expenses requested ($420.78) pursuant to the Interim Compensation Order.

16.　　This is Carson Fischer's Second Interim and Final Fee Application.

### RELIEF REQUESTED

17.　　Carson Fischer makes this Application pursuant to the following (a)  Sections 330(a) and 331 of the Bankruptcy Code; (b) Rule 2016 of the Federal Rules of Bankruptcy Procedures; (c) Local Rules 607(3); and (d) the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. Section 330, adopted by the Office of the U.S. Trustee (the "Guidelines").

### REQUEST FOR FINAL ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

18.　　Carson Fischer hereby seeks interim allowance of compensation and reimbursement of expenses incurred during the case as follows:

A.　　Compensation of $11,577.50 in connection with services rendered during the Second Interim Period. Carson Fischer has identified each of its

professionals and paraprofessionals who provided services to the Debtors during the Second Interim Period and their respective hourly rates on the professional summary attached hereto as **Exhibit B** and incorporated herein by this reference. Attached hereto as **Exhibit C** are the itemized time records, in chronological order and divided by project category, for each specific services, by such professional/paraprofessional for which an award of compensation is sought for the Second Interim Period. Attached hereto as **Exhibit D** is a biography of each of the Debtors' professionals; and

    B.    Reimbursement of actual and necessary expenses of $430.03 incurred in connection with Carson Fischer's services during the Second Interim Period. Attached hereto as **Exhibit E** is a statement of the actual overall expenses incurred by Carson Fischer on the Debtors' behalf during the Second Interim Period.

19.    Carson Fischer also hereby seeks Final allowance of compensation and reimbursement of expenses incurred during the Final Application Period (June 29, 2005 through and including October 9, 2005) as follows:

    A.    Compensation of $167,147.50 in connection with services rendered during the Final Application Period;

    B.    Reimbursement of actual and necessary expenses of $5,728.79 incurred in connection with Carson Fischer's services rendered during the First Application Period.[1]

## DESCRIPTION OF SERVICES RENDERED

---

[1] The hearing on the First Interim Application is scheduled for October 27, 2005.

20.    Carson Fischer has served as co-counsel to the Debtors at all times during these Cases and its attorneys and paraprofessionals have devoted substantial time to numerous and complex legal matters in these Cases.   All services and costs for which compensation is requested by Carson Fischer in this application were reasonable and necessary and were performed on behalf of the Debtors, and not for or on behalf of any other person.   All of the professional services that Carson Fischer rendered to the Debtors during the Second Interim Period are set forth in detail, and incorporated herein by reference, in **Exhibit C**, segregated according to project billing categories pursuant to Local Rule 607, as described below.   All of the professional services that Carson Fischer rendered to the Debtors during the remaining portion of the Final Application Period is set forth in the First Interim Application, which is incorporated herein by reference.   For convenience purposes, Carson Fischer has identified in Section "A" through "H" below the number of hours billed and fees earned (in the aggregate and on an attorney-by-attorney basis) for both the Second Interim Period and the Final Application Period.

**A.     Case Administration**

| | | |
|---|---|---|
| **Second Interim Period Hours:** | **0.50** | **Final Application Period Hours: 12.70** |
| **Second Interim Period Fees:** | **$177.50** | **Final Application Period Fees:    $4,610.00** |

21.    This category includes time Carson Fischer spent during the Second Interim Period conferring with the Debtors' CRO, financial consultants and co-counsel regarding miscellaneous case matters, the status of the sale of substantially all of the Debtors' assets and conversion of the Case to Chapter 7.

22.    In connection with the foregoing services, Carson Fischer professionals expended 0.50 hours during the Second Interim Period for which Carson Fischer seeks compensation of $177.50.   Detailed time entries of each Carson Fischer professional and paraprofessional related to these services are attached hereto as part of **Exhibit C**.   For detailed time entries of each

Carson Fischer professional related to services preformed during the remaining portion of the Final Application Period and a narrative description of such services, please see the First Interim Application. A summary of the hours expended and the value of the services performed by each professional during the Second Interim Period and the Final Application Period is provided in the following table:

| Name | Second Interim Period Hours | Second Interim Period Fees | Final Application Hours | Final Application Fees |
|------|------|------|------|------|
| Lawrence A. Lichtman | 0.30 | $127.50 | 8.20 | $3,485.00 |
| Patrick J. Kukla | 0.20 | $50.00 | 4.50 | $1,125.00 |
| **TOTALS** | 0.50 | $177.50 | 12.70 | $4,610.00 |

**B.      Asset Analysis and Recovery**

Second Interim Period  Hours:   0.00          Final Application Period Hours: 2.2
Second Interim Period Fees:     $0.00         Final Application Period Fees:   $1,285.00

23.      With respect to asset analysis and recovery matters, Carson Fischer professionals expended 2.2 hours during the Final Application Period for which Carson Fischer seeks compensation of $1,285.00. For detailed time entries of each Carson Fischer professional related to services performed during the Final Application Period and a narrative description of such services, please see the First Interim Application. A summary of the hours expended and the value of the services performed by each professional during the Final Application Period is provided in the following table.

| Name | Second Interim Period Hours | Second Interim Period Fees | Final Application Hours | Final Application Fees |
|------|------|------|------|------|
| Joseph M. Fischer | 0.00 | $0.00 | 2.00 | $1,190.00 |
| William C. Edmunds | 0.00 | $0.00 | 0.20 | $95.00 |
| **TOTALS** | 0.00 | $0.00 | 2.20 | $1,285.00 |

**C.      Fee/Employment Applications**

Second Interim Period  Hours:   14.00         Final Application Period Hours: 30.00
Second Interim Period Fees:     $4,172.50     Final Application Period Fees:   $7,920.50

24.     During the Second Interim Period, Carson Fischer prepared and served two monthly fee statements for August and September, 2005.  Carson Fischer also prepared its First Interim Application.

25.     Carson Fischer also had multiple discussions with Debtors' Co-Counsel regarding the First Interim Application and the hearing regarding same.  Carson Fischer also prepared a Supplement to the First Interim Application, pursuant to the Court's instructions.

26.     In connection with the foregoing services, Carson Fischer professionals expended 14.0 hours during the Second Interim Period for which Carson Fischer seeks compensation of $4,172.50  Detailed time entries of each Carson Fischer professional related to these services are attached hereto as part of **Exhibit C**.  For detailed time entries of each Carson Fischer professional related to services preformed during the remaining portion of the Final Application Period and a narrative description of such services, please see the First Interim Application. A summary of the hours expended and the value of the services performed by each professional during the Second Interim Period and Final Application Period is provided in the following table:

| Name | Second Interim Period Hours | Second Interim Period Fees | Final Application Hours | Final Application Fees |
|---|---|---|---|---|
| Lawrence A. Lichtman | 3.50 | $1,487.50 | 8.70 | $3,697.50 |
| Christopher A. Grosman | 2.40 | $660.00 | 2.40 | $660.00 |
| Patrick J. Kukla | 8.10 | $2,025.00 | 10.60 | $2,650.00 |
| Douglas M. Lash | 0.00 | $0.00 | 8.30 | $913.00 |
| **TOTALS** | 14.00 | $4,172.50 | 30.00 | $7,920.50 |

## D.     Customer Matters

Second Interim Period Hours:   **11.90**          Final Application Period Hours: **289.30**
Second Interim Period Fees:    **$6,502.50**       Final Application Period Fees:  **$147,981.50**

27.     During the Application Period Carson Fischer was extensively involved in negotiations with various issues concerning the Debtors' major customers, including, but not limited to, General Motors Corporation ("General Motors").  Specifically, Carson Fischer was

able to negotiate valuable and needed financial accommodations with the customers, including the successful negotiation of an accommodation agreement with General Motors which was approved by this Court. These services assisted the Debtors in maintaining the enterprise value of their business and inured to the benefit of the Estate by making possible the successful in place sale of substantially all Debtors' operating assets to the Court approved buyer, Hephaeitur Holdings, Inc. ("HHI").

28.    In connection with the foregoing services, Carson Fischer professionals expended 11.9 hours during the Second Interim Period for which Carson Fischer seeks compensation of $6,502.50. A detailed time entry of the Carson Fischer professionals related to these services is attached hereto as part of **Exhibit C**. For detailed time entries of each Carson Fischer professional related to services preformed during the remaining portion of the Final Application Period and a narrative description of such services, please see the First Interim Application. A summary of the time expended and the value of the services performed by each professional during the Second Interim Period and Final Application Period is provided in the following table:

| Name | Second Interim Period Hours | Second Interim Period Fees | Final Application Hours | Final Application Fees |
|------|------|------|------|------|
| Joseph M. Fischer | 8.50 | $5,057.50 | 171.20 | $101,864.00 |
| Lawrence A. Lichtman | 3.40 | $1,445.00 | 94.00 | $39,950.00 |
| Christopher A. Grosman | 0.00 | $0.00 | 5.70 | $1,567.50 |
| Patrick J. Kukla | 0.00 | $0.00 | 18.40 | $4,600.00 |
| **TOTALS** | 11.90 | $6,502.50 | 289.30 | $147,981.50 |

**E.    Financing/Cash Collateral**

Second Interim Period Hours:   0.00          Final Application Period Hours: 2.30
Second Interim Period Fees:    $0.00         Final Application Period Fees:  $610.00

29.    With respect to matters related to financing and cash collateral, Carson Fischer professionals expended 2.3 hours during the Final Application Period for which Carson Fischer seeks compensation of $610.00. For detailed time entries of each Carson Fischer professional related to services performed during the Final Application Period and a narrative description of

such services, please see the First Interim Application. A summary of the hours expended and the value of the services performed by each professional during the Final Application Period is provided in the following table.

| Name | Second Interim Period Hours | Second Interim Period Fees | Final Application Hours | Final Application Fees |
|------|------|------|------|------|
| Lawrence A. Lichtman | 0.00 | $0.00 | 0.20 | $85.00 |
| Patrick J. Kukla | 0.00 | $0.00 | 2.10 | $525.00 |
| TOTALS | 0.00 | $0.00 | 2.30 | $610.00 |

## F.    363 Sale Matters

Second Interim Period  Hours:    0.00          Final Application Period Hours: 9.70
Second Interim Period Fees:     $0.00          Final Application Period Fees:   $3,595.50

30.    With respect to matters related to the sale of substantially all of the Debtors' assets, Carson Fischer professionals expended 9.7 hours during the Final Application Period for which Carson Fischer seeks compensation of $3,595.50.  For detailed time entries of each Carson Fischer professional related to services performed during the Final Application Period and a narrative description of such services, please see the First Interim Fee Application.  A summary of the hours expended and the value of the services performed by each professional during the Final Application Period is provided in the following table.

| Name | Second Interim Period Hours | Second Interim Period Fees | Final Application Hours | Final Application Fees |
|------|------|------|------|------|
| Joseph M. Fischer | 0.00 | $0.00 | 0.40 | $238.00 |
| William C. Edmunds | 0.00 | $0.00 | 2.10 | $997.50 |
| Lawrence A. Lichtman | 0.00 | $0.00 | 3.20 | $1,360.00 |
| Patrick J. Kukla | 0.00 | $0.00 | 4.00 | $1,000.00 |
| TOTALS | 0.00 | $0.00 | 9.70 | $3,595.50 |

## G.    Claims Administration and Objections

Second Interim Period  Hours:    0.00          Final Application Period Hours: 1.40
Second Interim Period Fees:     $0.00          Final Application Period Fees:   $420.00

With respect to matters related to claims administration and objections, Carson Fischer professionals expended 1.4 hours during the Final Application Period for which Carson Fischer seeks compensation of $420.00.  For detailed time entries of each Carson Fischer professional

11

related to services performed during the Final Application Period and a narrative description of such services, please see the First Interim Application. A summary of the hours expended and the value of the services performed by each professional during the Final Application Period is provided in the following table.

| Name | Second Interim Period Hours | Second Interim Period Fees | Final Application Hours | Final Application Fees |
|------|------|------|------|------|
| Lawrence A. Lichtman | 0.00 | $0.00 | 0.40 | $170.00 |
| Patrick J. Kukla | 0.00 | $0.00 | 1.00 | $250.00 |
| TOTALS | 0.00 | $0.00 | 1.40 | $420.00 |

## H.    Litigation

Second Interim Period Hours:   2.20          Final Application Period Hours: 2.20
Second Interim Period Fees:    $725.00       Final Application Period Fees:  $725.00

31.    During the Second Interim Period Carson Fischer assisted the Debtors by analyzing and evaluating the possibility of bringing an adversary proceeding against Heller. Ultimately, the Debtors decided that Carson Fischer would not bring this action.

32.    In connection with the foregoing services, Carson Fischer professionals expended 2.20 hours during the Second Interim Period for which Carson Fischer seeks compensation of $725.00. Detailed time entries of each Carson Fischer professional related to these services are attached hereto as part of **Exhibit C**. A summary of the hours expended and the value of the services performed by each professional during the Second Interim Period and the Final Application Period is provided in the following table:

| Name | Second Interim Period Hours | Second Interim Period Fees | Final Application Hours | Final Application Fees |
|------|------|------|------|------|
| Lawrence A. Lichtman | 0.80 | $340.00 | 0.80 | $340.00 |
| Christopher A. Grosman | 1.40 | $385.00 | 1.40 | $385.00 |
| TOTALS | 2.20 | $725.00 | 2.20 | $725.00 |

## DESCRIPTION OF EXPENSES INCURRED

33.     Section 330 of the Bankruptcy Code authorizes "reimbursement for actual, necessary expenses" incurred by professionals employed in a chapter 11 case. 11 U.S.C. Section 330(a)(1)(B).   Accordingly, Carson Fischer seeks reimbursement for actual and necessary expenses in the amount of $430.03  incurred in rendering services to the Debtors during the Second Interim Period as detailed in the attached **Exhibit E**.  Carson Fischer also requests final approval of  reimbursement of for actual and necessary expenses incurred during the Final Application Period in the amount of $5,728.79.[2]  For detail regarding the reimbursement of expenses incurred during the remaining portion of the Final Application Period, please see the First Interim Application and the Supplement.  Carson Fischer submits that the expenses were reasonable and necessary in light of the services provided.   The expenses requested are customarily charged to non-bankruptcy clients of Carson Fischer.

### Future Services Contemplated

34.     The case has been converted to Chapter 7 and Carson Fischer will not be providing any further service to the Debtors.

### Service of More Than One Attorney And Other Stuff

35.     Whenever possible, Carson Fischer has attempted to divide work assignments so as to take advantage of the specialized talents and experience of each of the attorneys involved and to take advantage of the lower hourly billing rates of qualified more junior personnel. However, in those instances where time has been charged by two or more attorneys for attendance at meetings for intra-office conferences among them, it can be fairly stated that the time spent was essential in furthering the effective administration of this case.

---

[2] This amount includes expenses in the amount of $885.25 for photocopying costs which were incurred prior to September 1, 2005, but were not posted until after the First Interim Application was filed.

## **Applicable Legal Standards and Criteria**

36.    Bankruptcy Code section 330 provides, in relevant part:

> After notice . . . the court may award to . . . a professional person employed under section 327 or 1103 of this title . . . reasonable compensation for actual, necessary services rendered by such . . . attorney and by any paraprofessional person employed by any such person. . .based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title . . . .

37.    Pursuant to section 330, professionals applying for fees must demonstrate that their services were actual, necessary and reasonable.  Bankruptcy Rule 2016, in turn, requires that "[a]n entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested."

38.    To be fully compensable from the estate, services performed by attorneys representing debtors must produce a benefit to the estate.  In re Grabill Corp., 110 B.R. 356, 358-59 (Bankr. N.D. Ill. 1990) (Squires, J.).  This Court and others have utilized the twelve factors cited in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974) to evaluate a fee application.  Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Id. at 717-19.  See also In re McNichols, 258 B.R. 892, 904-05 (Bankr. N.D. Ill. 2001).

14

39.     Regardless of the significance of certain individual factors in determining the value of professional services, the Court should primarily focus its attention upon the reasonableness of the services provided to the estate. As the United States Court of Appeals for the First Circuit stated in holding that a district court's reduction of requested compensation was an abuse of discretion in a case under the former Bankruptcy Act:

> It is important for a court to maintain a sense of overall proportion and not become enmeshed in meticulous analysis of every detailed facet of the professional representation. It is easy to speculate that the work could have been done in less time or with fewer attorneys or with an associate rather than a partner. On the other hand, it is also possible that [the debtor] would not have enjoyed the success it did had its counsel managed matters differently.

In re Boston and Maine Corp., 776 F.2d 2110 (1st Cir. 1985) (citations omitted). See also In re Continental Illinois Securities Litigation, 962 F.2d 566, 572 (7th Cir. 1992) (stating that the "object in awarding a reasonable attorneys' fee, as we have been at pains to stress, is to give the lawyer what he would have gotten in the way of a fee in an arm's length negotiation, had one been feasible.")

### Application of Relevant Criteria and Standards to this Compensation Request

40.     In applying the criteria set forth above to this request for compensation, the Court should consider foremost the effort required and expended by Carson Fischer, the reasonableness of the services rendered and the results achieved. All of the services performed by Carson Fischer were required in these cases, were authorized by the Court, were performed by Carson Fischer at the request and direction of the Debtors and were not duplicative of services provided by Jenner & Block, LLP. Pursuant to section 331 of the Bankruptcy Code and the criteria regarding time, nature, extent and value of the services performed, all of Carson Fischer's services are compensable.

41.     Moreover, the amount of services rendered by Carson Fischer to achieve the results obtained for the benefit of the estate's creditors was reasonable in light of the complexity of the issues involved in these cases.  Carson Fischer attorneys allocated responsibilities among themselves to minimize potential duplication of efforts.    Compensation is sought for participation in a single task by more than one Carson Fischer attorney only in those instances in which joint participation was absolutely necessary because of (i) the significant impact of a particular hearing or meeting, (ii) the level of complexity of the issues involved, (iii) the volume of the work to be performed, (iv) the specialization required or (v) the need to preserve continuity of representation.    In cases of this magnitude and complexity, it is often more economical and sometimes necessary for multiple attorneys to attend a meeting or hearing to facilitate communication of information than to relay the information from attorney to attorney. Under such circumstances, such representation has been approved.  Berberana v. Coler, 753 F.2d 629, 631 (7th Cir. 1985).

42.     Furthermore, Carson Fischer and Jenner & Block, LLP have attempted to avoid duplication of efforts by carefully delineating responsibilities and rendering services with respect to distinct issues in these cases.  In short, only where absolutely necessary has there been any duplication of efforts between Carson Fischer and Jenner & Block in these cases.

43.     The legal services that Carson Fischer has thus far provided in these cases have resulted in significant benefit to the Estate by assuring the continuity of the Debtors' relationship with their major customers, the preservation of enterprise value and the foundation for the ultimate Court approved sale of substantially all of the Debtors' operating assets to HHI.  Carson Fischer submits that its services have rendered a significant benefit to the Debtors, their estates, creditors and parties in interest.

44.    The experience and expertise in bankruptcy cases and the quality of the services brought to these cases by Carson Fischer further supports the requested compensation.

45.    Given the challenging circumstances of these cases, and the results achieved to date, Carson Fischer submits that its hourly rates for the hours which compensation is sought are reasonable and appropriate. The compensation request is well within an acceptable range for comparable legal services in the Chicago metropolitan legal community and is imminently fair given the efforts of Carson Fischer required in these cases and the results achieved for the benefit of the Debtors' estates and their creditors.

### Statement of Legal Services and Expenses Pursuant to 11 U.S.C. § 504 and Bankruptcy Rule 2016

46.    No agreement exists between Carson Fischer and any third person for the sharing of compensation received by Carson Fischer in these cases, except as allowed by the exception set forth in section 504 of the Bankruptcy Code and Bankruptcy Rule 2016 with respect to the sharing of compensation among members of Carson Fischer.

47.    From June 29, 2005 through and including October 9, 2005 Carson Fischer has devoted 349.8 hours to represent the Debtors with respect to categories "A" through "H" above, and in so doing has provided the Debtors' estates with actual and necessary legal services worth a total of $167,147.50 and has incurred expenses totaling $5,728.79.

48.    Copies of Carson Fischer's invoices reflecting the time recorded for the services provided during the Second Interim Period, organized in project billing categories in accordance with Local Rule 607, and statements of expenses incurred by Carson Fischer are incorporated herein and attached hereto as **Exhibit C**. For copies of Carson Fischer's invoices reflecting the time records for services provided during the remainder of the Final Application Period, please see the First Interim Application, which is incorporated by reference herein.

17

## Notice

49.     In accordance with this Court's order, this application has been served upon (a) the Debtors; (b) Co-Counsel for the Debtors; (c) the Office of the United States Trustee; (d) counsel for the Official Committee of Unsecured Creditors (the "Creditors' Committee"); and (e) counsel for the Debtors' Post-Petition Lenders (f) the Chapter 7 Trustee; and (g) the 33 largest creditors.  Carson Fischer, or its co-counsel, Jenner & Block, LLP,  will also serve notice of the hearing on this application upon those parties in interest that have requested notices in these cases.  Carson Fischer submits that such notice is appropriate and proper.

## Conclusion

WHEREFORE, Carson Fischer respectfully requests that this Court enter an order:

A.     Approving interim compensation in favor of Carson Fischer in the amount of $11,577.50 for actual, necessary and reasonable professional services rendered on behalf of the Debtors for the Second Interim Period (September 1, 2005 through and including October 9, 2005);

B.     Approving interim reimbursement of expenses in favor of Carson Fischer in the amount of $430.03 for actual, necessary and reasonable expenses incurred on behalf of the Debtors for the Second Interim Period (September 1, 2005 through and including October 9, 2005);

C.     Approving final compensation in favor of Carson Fischer in the amount of $167,147.50 for actual, necessary and reasonable professional services rendered on behalf of the Debtors for the Final Application Period (June 29, 2005 through and including October 9, 2005);

D.    Approving final reimbursement of expenses in favor of Carson Fischer in the amount of $5,728.79 for actual, necessary and reasonable expenses incurred on behalf of the Debtors for the Final Application Period (June 29, 2005 through and including October 9, 2005);

E.    Authorizing and directing the Debtors to pay to Carson Fischer all unpaid allowed fees and total expenses; and

F.    Granting to Carson Fischer such other and further consistent relief as the Court may deem equitable and just.

Respectfully submitted,

CARSON FISCHER, P.L.C.

Joseph M. Fischer (P13452)
Lawrence A. Lichtman (P35403)
Patrick J. Kukla (P60465)
300 East Maple Road, Third Floor
Birmingham, Michigan  48009
(248) 644-4840
*Counsel for Debtors and Debtors-in-Possession*

Dated:  October 24, 2005

19