## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JII LIQUIDATING, INC. f/k/a JERNBERG | ) | Case No. 05-25909 |
| INDUSTRIES, INC.; JSI LIQUIDATING, | ) | (Jointly Administered) |
| INC. f/k/a JERNBERG SALES, INC; and | ) | |
| IM LIQUIDATING, LLC f/k/a IRON | ) | Bankruptcy Judge John H. Squires |
| MOUNTAIN INDUSTRIES, LLC, | ) | |
| | ) | Hearing Date:  November 21, 2005 |
| Debtors. | ) | Hearing Time:  10:00 a.m. |

## <u>NOTICE OF MOTION</u>

PLEASE  TAKE  NOTICE  that  on  November  21,  2005,  at  10:00  a.m.,  or  as  soon thereafter  as  counsel  may  be  heard,  we  shall  appear  before  the  Honorable  John  H.  Squires  in Courtroom  680  in  the  United  States  Bankruptcy  Court  for  the  Northern  District  of  Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois, and present the attached **Second Interim  and  Final  Application  of  Jenner  &  Block  LLP,  Chapter  11  Counsel  for  the Debtors,  for  Allowance  of  Compensation  for  Services  Rendered  and  Reimbursement  of Expenses**.  You may appear at that time and place if you so desire.

Dated:  October 24, 2005                    Respectfully submitted,


                                         /s/ *Jerry L. Switzer, Jr.*
                                         Mark K. Thomas (ARDC #06181453)
                                         Jerry L. Switzer, Jr. (ARDC #06210229)
                                         Peter J. Young (ARDC #06278765)
                                         JENNER & BLOCK LLP
                                         One IBM Plaza
                                         Chicago, Illinois 60611
                                         (312) 222-9350
                                         (312) 840-7374 (Fax)

                                         Counsel for Debtors

## CERTIFICATE OF SERVICE

I, Jerry L. Switzer, Jr., certify that I caused the attached **Second Interim and Final Application of Jenner & Block LLP, Chapter 11 Counsel for the Debtors, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses** to be served upon the parties on the attached Service List via first class United States Mail, properly addressed and postage prepaid, on October 24, 2005.

_/s/ Jerry L. Switzer, Jr._
Jerry L. Switzer, Jr.

## <u>SERVICE LIST</u>

Paula K. Jacobi
Sugar, Friedberg & Felsenthal LLP
30 North LaSalle Street
Suite 3000
Chicago, IL 60602

A. Jeffrey Zappone
c/o Jernberg Liquidating, Inc.
328 West 40th Place
Chicago, IL 60609

Thomas Blakemore
Winston & Strawn LLP
Counsel to LaSalle Bank, N.A.
35 West Wacker Drive
Chicago, IL 60601

Office of the United States Trustee
Attn: Kathryn Gleason
227 West Monroe Street
Suite 3300
Chicago, IL 60606

Richard J. Mason
McGuireWoods Ross & Hardies
150 North Michigan Avenue
Suite 2500
Chicago, IL 60601

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 05-25909 (Jointly Administered) |
| JII LIQUIDATING, INC. f/k/a JERNBERG | ) | Bankruptcy Judge John H. Squires |
| INDUSTRIES, INC.; JSI LIQUIDATING, | ) | |
| INC. f/k/a JERNBERG SALES, INC; and | ) | **Hearing Date: November 21, 2005** |
| IM LIQUIDATING, LLC f/k/a IRON | ) | **Hearing Time: 10:00 a.m.** |
| MOUNTAIN INDUSTRIES, LLC,** | ) | **Objection Deadline: November 14, 2005** |
| Debtors. | | |

### SECOND INTERIM AND FINAL APPLICATION OF
### JENNER & BLOCK LLP, CHAPTER 11 COUNSEL FOR THE
### DEBTORS, FOR ALLOWANCE OF COMPENSATION FOR
### SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES

Jenner & Block LLP ("Jenner & Block" or the "Applicant"), chapter 11 counsel for the above-captioned debtors (collectively, the "Debtors"), pursuant to sections 105, 330 and 331 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002(a) and 2016 of the Federal Rules of Bankruptcy Procedure and Local Rule 607 of the Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules"), hereby submits this second interim and final application (this "Application") for allowance of compensation for services rendered and reimbursement of expenses incurred for the (i) interim period September 1, 2005 through and including October 9, 2005 (the "Second Interim Period") and (ii) final application period June 29, 2005 through and including October 9, 2005 (the "Final Application Period") and respectfully requests that this Court enter an order awarding Jenner & Block interim compensation of $130,006.00 for professional services rendered and $3,361.34 for ordinary and necessary expenses incurred during the Second Interim Period and final compensation of $870,364.00 for professional services rendered and $15,886.75 for ordinary and necessary expenses incurred during the Final

Application Period.  In support of the foregoing request, the Applicant respectfully states as follows:

<u>**Background**</u>

1.     On June 29, 2005 (the "<u>Petition Date</u>"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  On July 8, 2005, the United States Trustee appointed an official committee of unsecured creditors (the "<u>Committee</u>").  The Debtors are continuing in possession of their respective property pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2.     As of the Petition Date, the Debtors collectively were one of the nation's largest independent suppliers of high volume forged and machined components for the transportation industry.  The Debtors operated four production facilities in the Chicago area.  The Debtors employed approximately 825 employees, including 177 salaried executives, managers and supervisors, and 577 hourly employees and 71 temporary employees.  The Debtors commenced their chapter 11 cases as a result of challenging conditions in the automotive industry, including a series of developments which resulted in a significant reduction of the Debtors' liquidity position.

3.     On the Petition Date, the Debtors filed a motion seeking approval of bidding procedures in connection with the proposed sale (the "<u>Sale</u>") of substantially all of their assets to Hephaestus Holdings, Inc. ("<u>HHI</u>"), an acquisition entity set up by and affiliated with KPS Special Situations Fund II, L.P. ("<u>KPS</u>"), pursuant to an Asset Purchase Agreement (the "<u>APA</u>"), for $1,250,000 cash and the assumption of certain of the Debtors' liabilities.  The aggregate value of the Sale exceeded $60,000,000.

4.     The Debtors chapter 11 cases were filed in order to implement the Sale to HHI pursuant to sections 363 and 365 of the Bankruptcy Code.  On August 24, 2005, the Court

2

entered an order authorizing and approving the Sale to HHI.  The parties closed the Sale on September 7, 2005 (the "Closing").  Upon the Closing, the Debtors ceased operations and terminated all of their employees.

5.     The Debtors have paid to the United States Trustee's office all quarterly fees due and owing.

## Interim Compensation Order

6.     On July 5, 2005, this Court entered the Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Professionals (the "Interim Compensation Order"), pursuant to which Jenner & Block and other professionals retained in these cases are authorized to serve upon the parties identified therein monthly fee statements (the "Monthly Fee Statements").  Upon expiration of a ten-day objection period specified in the Interim Compensation Order, if no objection is received, the Debtors are authorized to pay Jenner & Block and other professionals ninety percent (90%) of the fees and 100% of the expenses sought in the Monthly Fee Statements.  If an objection is received, the Debtors are authorized to pay ninety percent (90%) of the fees and 100% of the expenses that are not subject to the objection.

7.     At quarterly intervals or at such other intervals as the Court may otherwise direct, the Interim Compensation Order requires each professional to file with the Court and serve upon the required notice parties an interim request (an "Interim Request") for approval and allowance of all amounts requested during that interim fee period.

## Jenner & Block's Retention

8.     On July 21, 2005, this Court entered a final order authorizing the employment of Jenner & Block as the Debtors' chapter 11 counsel effective as of the Petition Date.

**Prior Interim Request**

9.      On August 15, 2005, Jenner & Block filed and served its first Interim
Request for allowance of compensation for services rendered and reimbursement of expenses
incurred for the period June 29, 2005 through and including August 31, 2005 (the "First Interim
Application"), seeking interim payment of fees in the amount of $740,358.00 and interim
reimbursement of expenses in the amount of $12,525.41.   The First Interim Application is
incorporated herein by reference.

10.     The First Interim Application was presented to this Court for approval on
October 6, 2005 (the "First Interim Application Hearing").   At the First Interim Application
Hearing, Jenner & Block advised the Court that a substantial portion of Group Exhibit A,
consisting of certain pages from Jenner & Block's July 2005 Interim Statement, to the First
Interim Application inadvertently had been omitted from the copy of the First Interim
Application electronically filed with the Court.   The inadvertent omission of this portion of
Group Exhibit A prevented the Court from being able to review and rule upon the time entries
contained therein.   Additionally, at the First Interim Application Hearing, the Court announced
that it needed additional information regarding certain of Jenner & Block's requests for
reimbursement of expenses set forth in the First Interim Application and granted Jenner & Block
leave to supplement the First Interim Application to provide such information.   In response to
these issues raised by the Court, on October 20, 2005, Jenner & Block filed and served a
supplement (the "Supplement") to its First Interim Application to which Jenner & Block attached
a complete copy of its July 2005 Interim Statement and a revised summary of its expenses
(including descriptions of various expenses) incurred during the First Interim Period and
supporting documentation for each expense item in excess of $25.00.   The Court continued the
First Interim Application Hearing until October 27, 2005.

4

*Payment of Holdback of Fees Pursuant to First Interim Application*

11.     In connection with the sale of substantially all of the Debtors' assets to HHI, HHI posted a letter of credit in favor of each chapter 11 professional retained in these cases, including Jenner & Block, to provide for and assure payment of all or substantially all of such professional's fees earned and expenses incurred through the anticipated Closing date of the sale.

12.     As of the date of the continued hearing on its First Interim Application on October 27, 2005, Jenner & Block anticipates that it will have drawn down on the entire balance of its letter of credit posted by HHI in payment of 90% of its interim compensation and 100% of its interim expenses pursuant to its July, August and September Interim Statements, leaving an unpaid balance of such interim fees and expenses of $311.73.

13.     Assuming the Court ultimately approves the First Interim Application in full, Jenner & Block will be entitled to payment of the ten percent (10%) holdback of fees relating to its July and August Interim Requests in the total amount of $74,035.80.  Jenner & Block does not seek payment of this holdback from the Debtors' estates at the present time, but rather, upon approval of the First Interim Application, will apply the balance of its post-petition retainer of approximately $44,239.27 against the holdback, and will reserve the issue of payment of the remaining balance of the holdback of $29,796.53, and such additional fees to be allowed and expenses to be reimbursed by the Court in connection with this Application, until the hearing on this Application.

## Monthly Fee Statement Applicable to the Second Interim Request

14.     On October 14, 2005, the Applicant served its Third Monthly Statement of Jenner & Block LLP, Chapter 11 Counsel for the Debtors, for the Period September 1, 2005 through September 30, 2005, seeking payment of fees in the amount of $116,271.00 and

reimbursement of expenses in the amount of $3,320.97.   The Debtors anticipate that no objections to the Third Monthly Fee Statement will be filed (the deadline for filing such objections is October 24, 2005) and that promptly thereafter the Debtors will pay ninety percent (90%) of the fees requested and 100% of the expenses requested pursuant to the Interim Compensation Order.[1]

15.     This is Jenner & Block's second interim and final request.

## Notice

16.     In accordance with the Interim Compensation Order, Jenner & Block has served this Application upon (a) the Debtors; (b) counsel for the Debtors; (c) counsel for the Committee; (d) counsel for LaSalle Bank, N.A.; and (e) the Office of the United States Trustee. Jenner & Block submits that such notice is appropriate and proper.

## Case Status

17.     On September 26, 2005, this Court granted the Debtors' motion to convert these cases to chapter 7 under the Bankruptcy Code, effective as of 12:01 a.m. October 10, 2005.

## Nature of Legal Services Performed by Jenner & Block

18.     Jenner & Block served as chapter 11 counsel for the Debtors at all times during these cases (prior to their conversion to chapter 7) and its attorneys and paraprofessionals have devoted substantial time to numerous and complex legal matters in these cases.   All services and costs for which compensation is requested by Jenner & Block in this Application were reasonable and necessary and were performed on behalf of the Debtors, and not for or on behalf of any other person.   All of the professional services that Jenner & Block rendered to the

---

[1] Jenner & Block did not serve a Monthly Fee Statement for the period October 1, 2005 through and including October 9, 2005 (the day before the conversion of these cases to chapter 7 under the Bankruptcy Code).  Rather than needlessly expending the time and effort to prepare and submit a Monthly Fee Statement for its fees and expenses during October 2005, Jenner & Block has included an interim and final request for approval of such fees and expenses in this Application.

Debtors during the Second Interim Period are set forth in detail, and incorporated herein by reference, in Group Exhibit A, segregated according to project billing categories pursuant to Local Rule 607, as described below.   All of the professional services that Jenner & Block rendered to the Debtors during the remaining portion of the Final Application Period are set forth in the First Interim Application, which is incorporated herein by reference.   For convenience purposes, Jenner & Block has identified in sections "A" through "N" below the number of hours billed and fees earned (in the aggregate and on an attorney-by-attorney basis) for both the Second Interim Period and the Final Application Period.

### A.      First Day Pleadings

Second Interim Period Hours:   0.00       Final Application Period Hours: 147.20
Second Interim Period Fees:   $0.00       Final Application Period Fees:   $47,006.00

19.      With respect to matters concerning first-day pleadings, Jenner & Block professionals expended 147.20 hours during the Final Application Period for which Jenner & Block seeks compensation of $47,006.00.   For detailed time entries of each Jenner & Block professional related to services performed during the Final Application Period and a narrative description of such services, see the First Interim Application.   A summary of the hours expended and the value of the services performed by each professional during the Final Application Period is provided in the following table:

| Name | Second Interim Period Hours | Second Interim Period Fees | Final Application Period Hours | Final Application Period Fees |
|---|---|---|---|---|
| MARK K. THOMAS | 0.00 | $0.00 | 13.60 | $8,500.00 |
| MICHAEL S. TERRIEN | 0.00 | $0.00 | 1.90 | $940.50 |
| JERRY L. SWITZER JR | 0.00 | $0.00 | 44.80 | $20,832.00 |
| PETER J. YOUNG | 0.00 | $0.00 | 23.70 | $6,517.50 |
| ANDREW S. NICOLL | 0.00 | $0.00 | 0.80 | $172.00 |
| Paraprofessionals | 0.00 | $0.00 | 62.40 | $10,044.00 |
| **TOTALS** | 0.00 | $0.00 | 147.20 | $47,006.00 |

### B.      Case Administration

Second Interim Period Hours:   67.80       Final Application Period Hours: 345.70
Second Interim Period Fees:   $26,687.50       Final Application Period Fees:   $97,830.50

20.     This category includes, among other things, the time that Jenner & Block spent during the Second Interim Period on (i) preparing for and attending Court hearings; (ii) general case administration, including obligations pertaining to service of process and maintenance; and (iii) providing business and legal advice to the Debtors with respect to the rights and duties of debtors in possession in the administration of these chapter 11 cases.

21.     After the Closing, in consultation with the Office of the United States Trustee, Jenner & Block determined that these cases should be converted to chapter 7. Consequently, this category includes the time that the Applicant spent drafting and filing the conversion motion, which this Court ultimately approved.   After the conversion order was entered, Jenner & Block worked with the chapter 7 trustee appointed to administer the Debtors' chapter 7 cases to ensure a smooth transition.  Although it is not seeking compensation for such time expended, Jenner & Block continued to meet with the chapter 7 trustee after October 9, 2005.

22.     Further, this category includes other time spent by Jenner & Block related to these chapter 11 cases that did not specifically fit in any other billing category.

23.     In connection with the foregoing services, Jenner & Block professionals expended 67.80 hours during the Second Interim Period for which Jenner & Block seeks compensation of $26,687.50.  Detailed time entries of each Jenner & Block professional related to these services are attached hereto as part of Group Exhibit A.  For detailed time entries of each Jenner & Block professional related to services performed during the Final Application Period and a narrative description of such services, see the First Interim Application.  A summary of the hours expended and the value of the services performed by each professional during the Final Application Period is provided in the following table:

8

| Name | Second Interim Period Hours | Second Interim Period Fees | Final Application Period Hours | Final Application Period Fees |
|---|---|---|---|---|
| MARK K. THOMAS | 11.90 | $7,437.50 | 32.90 | $20,562.50 |
| JEFF J. MARWIL | 0.00 | $0.00 | 2.10 | $1,312.50 |
| MICHAEL S. TERRIEN | 0.00 | $0.00 | 0.60 | $297.00 |
| JERRY L. SWITZER JR | 28.60 | $13,299.00 | 57.70 | $26,830.50 |
| CARTER H. KLEIN | 0.20 | $90.00 | 0.20 | $90.00 |
| PETER J. YOUNG | 10.20 | $2,805.00 | 61.50 | $16,912.50 |
| ANDREW S. NICOLL | 0.20 | $989.00 | 8.50 | $2,773.50 |
| Paraprofessionals | 16.70 | $2,067.00 | 182.20 | $29,052.00 |
| **TOTALS** | 67.80 | $26,687.50 | 345.70 | $97,830.50 |

**C.      363 Sale**

Second Interim Period Hours:   149.30          Final Application Period Hours: 1,144.00
Second Interim Period Fees:    $42,637.50      Final Application Period Fees:  $362,669.50

24.      An essential aspect of the Debtors' bankruptcy cases was the successful going-concern sale of substantial all the Debtors' assets.  During the Second Interim Period, Jenner & Block took all actions necessary to consummate the Closing on September 7, 2005. Jenner & Block provided the bankruptcy, corporate, real estate, tax, employment, antitrust, and other legal advice and support necessary to complete the Sale.

25.      In connection with the foregoing services, Jenner & Block professionals expended 149.30 hours during the Second Interim Period for which Jenner & Block seeks compensation of $42,637.50.  Detailed time entries of each Jenner & Block professional related to these services are attached hereto as part of <u>Group Exhibit A</u>.  For detailed time entries of each Jenner & Block professional related to services performed during the Final Application Period and a narrative description of such services, see the First Interim Application.  A summary of the hours expended and the value of the services performed by each professional during the Final Application Period is provided in the following table:

| Name | Second Interim Period Hours | Second Interim Period Fees | Final Application Period Hours | Final Application Period Fees |
|---|---|---|---|---|
| MARK K. THOMAS | 7.30 | $4,562.50 | 115.40 | $72,125.00 |
| JEFF J. MARWIL | 0.00 | $0.00 | 0.80 | $500.00 |
| JOHN E. WELCH | 0.00 | $0.00 | 36.70 | $19,818.00 |
| MICHAEL S. TERRIEN | 0.00 | $0.00 | 28.10 | $13,909.50 |
| BRIAN I. SWETT | 5.80 | $2,755.00 | 17.40 | $8,265.00 |
| JERRY L. SWITZER JR | 8.30 | $3,859.50 | 77.80 | $36,177.00 |
| STEVEN M. SIROS | 0.00 | $0.00 | 2.30 | $1,035.00 |
| JOHN F. COX | 0.00 | $0.00 | 6.90 | $3,105.00 |
| S. TONY LING | 0.20 | $85.00 | 10.50 | $4,462.50 |
| EDWARD J. NEVERIL | 20.30 | $8,627.50 | 122.10 | $51,892.50 |
| STEVEN R. MEIER | 0.00 | $0.00 | 5.80 | $2,262.00 |
| MICHELLE A. MCATEE | 9.00 | $3,330.00 | 19.10 | $7,067.00 |
| DARREN M. MUNGERSON | 0.00 | $0.00 | 0.10 | $37.00 |
| PETER J. YOUNG | 2.30 | $632.50 | 29.10 | $8,002.50 |
| GREGORY M. WU | 0.00 | $0.00 | 3.10 | $728.50 |
| ANDREW S. NICOLL | 0.00 | $0.00 | 22.60 | $4,859.00 |
| ANDREW J. OLEJNIK | 0.00 | $0.00 | 0.60 | $129.00 |
| DAVID M. KAVANAUGH | 64.90 | $13,953.50 | 415.40 | $89,311.00 |
| LAURA A. SAKULICH | 0.00 | $0.00 | 42.20 | $9,073.00 |
| Paraprofessionals | 31.20 | $4,832.00 | 188.00 | $29,911.00 |
| **TOTALS** | 149.30 | $42,637.50 | 1144.00 | $362,669.50 |

## D.    Customer Matters

Second Interim Period Hours:    0.00          Final Application Period Hours: 22.90
Second Interim Period Fees:    $0.00          Final Application Period Fees:   $9,189.50

26.    With respect to matters concerning the Debtors' customers, Jenner &
Block professionals expended 22.90 hours during the Final Application Period for which Jenner
& Block seeks compensation of $9,189.50.  For detailed time entries of each Jenner & Block
professional related to services performed during the Final Application Period and a narrative
description of such services, see the First Interim Application.  A summary of the hours
expended and the value of the services performed by each professional during the Final
Application Period is provided in the following table:

| Name | Second Interim Period Hours | Second Interim Period Fees | Final Application Period Hours | Final Application Period Fees |
|---|---|---|---|---|
| MARK K. THOMAS | 0.00 | $0.00 | 4.90 | $3,062.50 |
| JERRY L. SWITZER JR | 0.00 | $0.00 | 7.30 | $3,394.50 |
| PETER J. YOUNG | 0.00 | $0.00 | 7.20 | $1,980.00 |
| ANDREW S. NICOLL | 0.00 | $0.00 | 3.50 | $752.50 |
| **TOTALS** | 0.00 | $0.00 | 22.90 | $9,189.50 |

## E.  Vendor Matters

Second Interim Period Hours:   7.50        Final Application Period Hours: 95.80
Second Interim Period Fees:   $2,666.00     Final Application Period Fees:  $44,565.50

27.     During the Second Interim Period, Jenner & Block attended to lingering matters relating to the treatment of the Debtors' vendors in the bankruptcy cases.  These matters included conferencing with various vendors, reviewing reclamation demands, reviewing claims for setoff, and negotiating various changes in vendor contracts.

28.     In connection with the foregoing services, Jenner & Block professionals expended 7.50 hours during the Second Interim Period for which Jenner & Block seeks compensation of $2,666.00.  Detailed time entries of each Jenner & Block professional related to these services are attached hereto as part of Group Exhibit A.  For detailed time entries of each Jenner & Block professional related to services performed during the Final Application Period and a narrative description of such services, see the First Interim Application.  A summary of the hours expended and the value of the services performed by each professional during the Final Application Period is provided in the following table:

| Name | Second Interim Period Hours | Second Interim Period Fees | Final Application Period Hours | Final Application Period Fees |
|------|----------------------------|---------------------------|-------------------------------|------------------------------|
| MARK K. THOMAS | 0.20 | $125.00 | 30.40 | $19,000.00 |
| MICHAEL S. TERRIEN | 0.00 | $0.00 | 0.60 | $297.00 |
| BRIAN I. SWETT | 0.00 | $0.00 | 0.50 | $237.50 |
| JERRY L. SWITZER JR | 2.50 | $1,162.50 | 34.20 | $15,903.00 |
| S. TONY LING | 0.00 | $0.00 | 0.10 | $42.50 |
| ELIZABETH DAVIDSON | 0.00 | $246.00 | 7.50 | $3,321.00 |
| PETER J. YOUNG | 3.30 | $907.50 | 17.10 | $4,702.50 |
| ANDREW S. NICOLL | 0.00 | $0.00 | 3.60 | $774.00 |
| Paraprofessionals | 1.50 | $225.00 | 1.80 | $288.00 |
| **TOTALS** | 7.50 | $2,666.00 | 95.80 | $44,565.50 |

## F.  Union/Retiree Matters

Second Interim Period Hours:   70.10       Final Application Period Hours: 171.30
Second Interim Period Fees:   $33,356.50    Final Application Period Fees:  $71,576.00

29.     In light of the cessation of the Debtors' operations following the Closing, the Debtors sought the termination of various union and non-union retiree benefits.  During the

11

First Interim Period, Jenner & Block successfully sought the appointment of a Non-Union Retiree Committee and, during the Final Application Period, negotiated with that committee regarding termination of such benefits pursuant to section 1114 of the Bankruptcy Code. Jenner & Block also negotiated with the United Steelworkers regarding rejection of the Debtors' collective bargaining agreements and termination of union retiree benefits pursuant to sections 1113 and 1114 of the Bankruptcy Code. The Debtors and the Union ultimately reached agreement, which was approved by this Court.

30. In addition, United HealthCare Insurance Company ("UHIC"), the Debtors' plan administrator, unilaterally terminated the active employee and retiree benefits during the Second Interim Period. On or about the date of the Closing, UHIC ceased processing and paying medical claims arising under the Debtors' plans. In response, the Non-Union Retiree Committee filed an emergency motion to reinstate health insurance benefits in which it sought to compel the Debtors to reinstate the retiree benefits in favor of the non-union retirees (and later brought an adversary proceeding against the Debtors and UHIC seeking injunctive, declaratory and monetary relief). Jenner & Block researched, drafted and filed a response, which resulted in this Court entering a preliminary finding that UHIC had violated the automatic stay. Both before and after the status hearing on the emergency motion, the Debtors, HHI, UHIC and the Non-Union Retiree Committee engaged in discussions in an attempt to resolve their disputes, including having UHIC recommence processing and paying medical claims relating to both active employee benefits and retiree benefits incurred prior to the date of the Closing and enabling the Debtors to reinstate the retiree benefits in favor of the non-union retirees through the date of termination thereof. Ultimately, Jenner & Block negotiated and documented a stipulation that provided for the processing and payment of claims through the Closing and beyond. The time spent on such matters is included in this category.

12

31.     In connection with the foregoing services, Jenner & Block professionals expended 70.10 hours during the Second Interim Period for which Jenner & Block seeks compensation of $33,356.50.  Detailed time entries of each Jenner & Block professional related to these services are attached hereto as part of <u>Group Exhibit A</u>.  For detailed time entries of each Jenner & Block professional related to services performed during the Final Application Period and a narrative description of such services, see the First Interim Application.  A summary of the hours expended and the value of the services performed by each professional during the Final Application Period is provided in the following table:

| Name | Second Interim Period Hours | Second Interim Period Fees | Final Application Period Hours | Final Application Period Fees |
|------|----------------------------:|---------------------------:|-------------------------------:|------------------------------:|
| MARK K. THOMAS | 6.80 | $4,250.00 | 15.70 | $9,812.50 |
| JEFF J. MARWIL | 0.00 | $0.00 | 0.30 | $187.50 |
| JERRY L. SWITZER JR | 45.30 | $21,064.50 | 81.30 | $37,804.50 |
| S. TONY LING | 16.50 | $7,012.50 | 31.70 | $13,472.50 |
| DARREN M. MUNGERSON | 0.00 | $0.00 | 1.90 | $703.00 |
| PETER J. YOUNG | 0.00 | $0.00 | 1.00 | $275.00 |
| GREGORY M. WU | 0.00 | $0.00 | 7.30 | $1,715.50 |
| ANDREW S. NICOLL | 1.00 | $924.50 | 31.00 | $7,374.50 |
| Paraprofessionals | 0.50 | $105.00 | 1.10 | $231.00 |
| **TOTALS** | 70.10 | $33,356.50 | 171.30 | $71,576.00 |

## G.     Assumption/Rejection of Leases and Contracts

Second Interim Period Hours:   <u>1.70</u>        Final Application Period Hours: <u>65.10</u>
Second Interim Period Fees:    <u>$365.50</u>     Final Application Period Fees:  <u>$1,248.00</u>

32.     A substantial portion of the value transferred to HHI as part of the Sale related to the assumption and assignment of certain of the Debtors' executory contracts and unexpired leases.  During the Second Interim Period, Jenner & Block reviewed and analyzed the few remaining outstanding issues regarding the Debtors' contracts and leases, a substantial portion of which were ultimately assigned to HHI as part of the Sale.

33.     In connection with the foregoing services, Jenner & Block professionals expended 1.70 hours during the Second Interim Period for which Jenner & Block seeks compensation of $365.50.  Detailed time entries of each Jenner & Block professional related to

13

these services are attached hereto as part of <u>Group Exhibit A</u>.  For detailed time entries of each

Jenner & Block professional related to services performed during the Final Application Period

and a narrative description of such services, see the First Interim Application.  A summary of the

hours expended and the value of the services performed by each professional during the Final

Application Period is provided in the following table:

| Name | Second Interim Period Hours | Second Interim Period Fees | Final Application Period Hours | Final Application Period Fees |
|---|---|---|---|---|
| MARK K. THOMAS | 0.00 | $0.00 | 1.30 | $812.50 |
| JERRY L. SWITZER JR | 0.00 | $0.00 | 8.90 | $4,138.50 |
| PETER J. YOUNG | 0.00 | $0.00 | 6.80 | $1,870.00 |
| ANDREW S. NICOLL | 1.70 | $365.50 | 32.70 | $7,030.50 |
| ANDREW J. OLEJNIK | 0.00 | $0.00 | 7.20 | $1,548.00 |
| Paraprofessionals | 0.00 | $0.00 | 8.20 | $1,248.00 |
| **TOTALS** | 1.70 | $365.50 | 65.10 | $16,647.50 |

**H.    Business Operations**

Second Interim Period Hours:   <u>0.00</u>          Final Application Period Hours: <u>6.40</u>
Second Interim Period Fees:    <u>$0.00</u>         Final Application Period Fees:  <u>$3,296.50</u>

34.    With respect to matters concerning the business operations of the Debtors,

Jenner & Block professionals expended 6.40 hours during the Final Application Period for which

Jenner & Block seeks compensation of $3,296.50.  For detailed time entries of each Jenner &

Block professional related to services performed during the Final Application Period and a

narrative description of such services, see the First Interim Application.  A summary of the hours

expended and the value of the services performed by each professional during the Final

Application Period is provided in the following table:

| Name | Second Interim Period Hours | Second Interim Period Fees | Final Application Period Hours | Final Application Period Fees |
|---|---|---|---|---|
| MARK K. THOMAS | 0.00 | $0.00 | 2.30 | $1,437.50 |
| JERRY L. SWITZER JR | 0.00 | $0.00 | 3.60 | $1,674.00 |
| DARREN M. MUNGERSON | 0.00 | $0.00 | 0.50 | $185.00 |
| **TOTALS** | 0.00 | $0.00 | 6.40 | $3,296.50 |

**I.    Claims Administration and Objections**

Second Interim Period Hours:   <u>0.00</u>          Final Application Period Hours: <u>9.60</u>
Second Interim Period Fees:    <u>$0</u>            Final Application Period Fees:  <u>$3,134.00</u>

14

35.     With respect to matters concerning claims administration, Jenner & Block professionals expended 9.60 hours during the Final Application Period for which Jenner & Block seeks compensation of $3,134.00.  For detailed time entries of each Jenner & Block professional related to services performed during the Final Application Period and a narrative description of such services, see the First Interim Application.  A summary of the hours expended and the value of the services performed by each professional during the Final Application Period is provided in the following table:

| Name | Second Interim Period Hours | Second Interim Period Fees | Final Application Period Hours | Final Application Period Fees |
|---|---|---|---|---|
| JERRY L. SWITZER JR | 0.00 | $0.00 | 2.60 | $1,209.00 |
| PETER J. YOUNG | 0.00 | $0.00 | 7.00 | $1,925.00 |
| **TOTALS** | 0.00 | $0.00 | 9.60 | $3,134.00 |

**J.     Employee Benefits/Pensions**

Second Interim Period Hours:    6.00          Final Application Period Hours: 59.20
Second Interim Period Fees:     $2,435.50     Final Application Period Fees:  $24,555.00

36.     During the Second Interim Period, Jenner & Block worked to terminate the Debtors' pension plans, including, researching applicable legal issues, compiling necessary information, preparing certain forms, and having conference calls with representatives of the Pension Benefit Guaranty Corporation.  In connection with the foregoing services, Jenner & Block professionals expended 6.00 hours during the Second Interim Period for which Jenner & Block seeks compensation of $2,435.50.  Detailed time entries of each Jenner & Block professional related to these services are attached hereto as part of Group Exhibit A.  For detailed time entries of each Jenner & Block professional related to services performed during the Final Application Period and a narrative description of such services, see the First Interim Application. A summary of the hours expended and the value of the services performed by each professional during the Final Application Period is provided in the following table:

15

| Name | Second Interim Period Hours | Second Interim Period Fees | Final Application Period Hours | Final Application Period Fees |
|------|------|------|------|------|
| MARK K. THOMAS | 0.40 | $250.00 | 0.60 | $375.00 |
| WILLIAM L. SCOGLAND | 0.30 | $180.00 | 10.60 | $6,360.00 |
| JERRY L. SWITZER JR | 0.00 | $0.00 | 2.80 | $1,639.50 |
| S. TONY LING | 4.00 | $1,700.00 | 28.90 | $12,282.50 |
| DARREN M. MUNGERSON | 0.00 | $0.00 | 0.50 | $185.00 |
| GREGORY M. WU | 1.30 | $305.50 | 15.80 | $3,713.00 |
| **TOTALS** | 6.00 | $2,435.50 | 59.20 | $24,555.00 |

**K.    Fee/Employment Applications**

Second Interim Period Hours:    47.00        Final Application Period Hours: 60.90
Second Interim Period Fees:    $12,666.00    Final Application Period Fees:   $17,258.50

37.    During the Second Interim Period, Jenner & Block prepared and served a monthly fee statements for July, August and September 2005 and the First Interim Application. The Applicant also appeared at the First Interim Application Hearing and worked on follow-up matters related to the First Interim Application Hearing, including preparing the Supplement to the First Interim Application to address issues raised by the Court with respect to certain expense reimbursement requests.

38.    In connection with the foregoing services, Jenner & Block professionals expended 47.00 hours during the Second Interim Period for which Jenner & Block seeks compensation of $12,666.00. Detailed time entries of each Jenner & Block professional related to these services are attached hereto as part of Group Exhibit A. For detailed time entries of each Jenner & Block professional related to services performed during the Final Application Period and a narrative description of such services, see the First Interim Application. A summary of the hours expended and the value of the services performed by each professional during the Final Application Period is provided in the following table:

| Name | Second Interim Period Hours | Second Interim Period Fees | Final Application Period Hours | Final Application Period Fees |
|------|------|------|------|------|
| MARK K. THOMAS | 0.30 | $187.50 | 0.60 | $375.00 |
| JERRY L. SWITZER JR | 6.80 | $3,162.00 | 10.30 | $4,789.50 |
| PETER J. YOUNG | 12.30 | $3,382.50 | 22.40 | $6,160.00 |
| ANDREW S. NICOLL | 27.60 | $5,934.00 | 27.60 | $5,934.00 |
| **TOTALS** | 47.00 | $12,666.00 | 60.90 | $17,258.50 |

## L.    Financing/Cash Collateral

Second Interim Period Hours:   <u>0.00</u>          Final Application Period Hours: <u>83.30</u>
Second Interim Period Fees:    <u>$0</u>    Final Application Period Fees:   <u>$34,088.00</u>

39.    With respect to matters concerning financing and use of cash collateral, Jenner & Block professionals expended 83.30hours during the Final Application Period for which Jenner & Block seeks compensation of $34,088.00.  For detailed time entries of each Jenner & Block professional related to services performed during the Final Application Period and a narrative description of such services, see the First Interim Application.  A summary of the hours expended and the value of the services performed by each professional during the Final Application Period is provided in the following table:

| Name | Second Interim Period Hours | Second Interim Period Fees | Final Application Period Hours | Final Application Period Fees |
|---|---|---|---|---|
| MARK K. THOMAS | 0.00 | $0.00 | 17.00 | $10,625.00 |
| JEFF J. MARWIL | 0.00 | $0.00 | 7.90 | $4,937.50 |
| TERI A. LINDQUIST | 0.00 | $0.00 | 5.40 | $2,673.00 |
| BRIAN I. SWETT | 0.00 | $0.00 | 6.10 | $2,897.50 |
| JERRY L. SWITZER JR | 0.00 | $0.00 | 7.30 | $3,394.50 |
| PETER J. YOUNG | 0.00 | $0.00 | 23.50 | $6,462.50 |
| LISA A. LAUER | 0.00 | $0.00 | 2.10 | $451.50 |
| ANDREW J. OLEJNIK | 0.00 | $0.00 | 7.30 | $1,569.50 |
| Paraprofessionals | 0.00 | $0.00 | 6.70 | $1,077.00 |
|  | 0.00 | $0.00 | 83.30 | $34,088.00 |
| TOTALS | 0.00 | $0.00 | 83.30 | $34,088.00 |

## M.    Litigation

Second Interim Period Hours:   <u>0.70</u>          Final Application Period Hours: <u>311.30</u>
Second Interim Period Fees:    <u>$283.00</u>    Final Application Period Fees:   <u>$127,922.00</u>

40.    The time in this category relates to Jenner & Block's efforts to wrap up litigious matters relating to the approval of the Sale.  In connection with the foregoing services, Jenner & Block professionals expended 0.70 hours during the Second Interim Period for which Jenner & Block seeks compensation of $283.00.  Detailed time entries of each Jenner & Block professional related to these services are attached hereto as part of <u>Group Exhibit A</u>.  For detailed time entries of each Jenner & Block professional related to services performed during the Final

Application Period and a narrative description of such services, see the First Interim Application.
A summary of the hours expended and the value of the services performed by each professional
during the Final Application Period is provided in the following table:

| Name | Second Interim Period Hours | Second Interim Period Fees | Final Application Period Hours | Final Application Period Fees |
|------|---|---|---|---|
| MARK K. THOMAS | 0.00 | $0.00 | 9.50 | $5,937.50 |
| JERRY L. SWITZER JR | 0.00 | $0.00 | 53.00 | $24,645.00 |
| ANTHONY C. PORCELLI | 0.30 | $135.00 | 123.50 | $55,575.00 |
| TERENCE G. BANICH II | 0.40 | $148.00 | 98.40 | $36,408.00 |
| PETER J. YOUNG | 0.00 | $0.00 | 1.90 | $522.50 |
| ADAM A. HACHIKIAN | 0.00 | $0.00 | 16.80 | $3,612.00 |
| Paraprofessionals | 0.00 | $0.00 | 8.20 | $1,222.00 |
| **TOTALS** | 0.70 | $283.00 | 311.30 | $127,922.00 |

## N.     Relief From Stay Proceedings

Second Interim Period Hours:   25.70          Final Application Period Hours: 30.70
Second Interim Period Fees:    $8,908.50      Final Application Period Fees:  $10,625.50

41.     The time in this category primarily relates to Ford Motor Credit's and
Sentry Insurance's motions for relief from the automatic stay, each of which Jenner & Block
worked to resolve throughout the pendency of these cases.  Specifically, with respect to the stay
relief motion file by Sentry Insurance, Jenner & Block factually investigated and researched the
issues contained therein and ultimately filed a response thereto.  In connection with the foregoing
services, Jenner & Block professionals expended 25.70 hours during the Second Interim Period
for which Jenner & Block seeks compensation of $8,908.50.  Detailed time entries of each
Jenner & Block professional related to these services are attached hereto as part of Group Exhibit
A.  For detailed time entries of each Jenner & Block professional related to services performed
during the Final Application Period and a narrative description of such services, see the First
Interim Application.  A summary of the hours expended and the value of the services performed
by each professional during the Final Application Period is provided in the following table:

18

| Name | Second Interim Period Hours | Second Interim Period Fees | Final Application Period Hours | Final Application Period Fees |
|------|-----:|-----:|-----:|-----:|
| MARK K. THOMAS | 2.20 | $1,375.00 | 2.20 | $1,375.00 |
| JERRY L. SWITZER JR | 9.30 | $4,324.50 | 11.10 | $5,161.50 |
| PETER J. YOUNG | 2.60 | $715.00 | 5.80 | $1,595.00 |
| ANDREW S. NICOLL | 0.50 | $107.50 | 0.50 | $107.50 |
| ANDREW J. OLEJNIK | 11.10 | $2,386.50 | 11.10 | $2,386.50 |
| **TOTALS** | 25.70 | $8,908.50 | 30.70 | $10,625.50 |

## O.    Disbursements

42.    During the Second Interim Period, Jenner & Block incurred expenses of $3,361.34 for, among other things, telephone charges (at cost), photocopy charges (at nine cents ($ .09) per page), delivery charges (at cost) and travel charges (at cost).  Detailed breakdowns of expenses incurred by the Applicant during the Second Interim Period is attached hereto as <u>Group Exhibit B</u>.

43.    During the Final Application Period, Jenner & Block incurred expenses of $15,886.75.  For detailed breakdowns of expenses incurred by the Applicant during the remaining portion of the Final Application Period, see the First Interim Application.  A summary of the expenses incurred during the Final Application Period is provided in the following table:

| Expense Type | Interim | | Final Total |
| --- | --- | --- | --- |
| | September | October | |
| Certified Copy | $41.00 | $0.00 | $41.00 |
| Corporate Document Expense | $228.68 | $0.00 | $499.58 |
| Court Reporter Charge | $0.00 | $0.00 | $1,689.70 |
| Federal Express | $0.00 | $0.00 | $902.56 |
| FedEx | $440.31 | $0.00 | $440.31 |
| Filing Fee | $52.00 | $0.00 | $52.00 |
| In-City Transportation | $26.00 | $10.00 | $438.00 |
| Lexis Research | $172.06 | $0.00 | $1,775.87 |
| Long Distance Telephone | $21.30 | $4.20 | $215.70 |
| Network Printing | $0.00 | $0.00 | $807.03 |
| Out of Town Travel ($35.00 write off) | $0.00 | $0.00 | $0.00 |
| Outside Professional Services | $1,050.00 | $0.00 | $1,050.00 |
| Pacer Charges | $0.00 | $0.00 | $63.04 |
| Photocopy | $548.82 | $44.22 | $4,753.38 |
| Postage | $0.37 | $0.00 | $26.07 |
| Special Messenger Service | $201.27 | $16.95 | $502.14 |
| Telephone Expense | $389.48 | $0.00 | $462.99 |
| Westlaw Research | $114.68 | $0.00 | $2,167.38 |
| **Grand Total** | **$3,285.97** | **$75.37** | **$15,886.75** |

## Applicable Legal Standards and Criteria

44.    Bankruptcy Code section 330 provides, in relevant part:

> After notice . . . the court may award to . . . a professional person employed under section 327 or 1103 of this title . . . reasonable compensation for actual, necessary services rendered by such . . . attorney and by any paraprofessional person employed by any such person. . .based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title . . . .

45.    Pursuant to section 330, professionals applying for fees must demonstrate that their services were actual, necessary and reasonable.   Bankruptcy Rule 2016, in turn, requires that "[a]n entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested."

46.    To be fully compensable from the estate, services performed by attorneys representing debtors must produce a benefit to the estate.   In re Grabill Corp., 110 B.R. 356, 358-

20

59 (Bankr. N.D. Ill. 1990) (Squires, J.).  This Court and others have utilized the twelve factors

cited in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974) to evaluate a

fee application.  Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the
> questions; (3) the skill required to perform the legal services properly; (4)
> the preclusion of employment by the attorney due to the acceptance of the
> case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7)
> time limitations imposed by the client or the circumstances; (8) the
> amount involved and the result obtained; (9) the experience, reputation
> and ability of the attorneys; (10) the undesirability of the case; (11) the
> nature and length of the professional relationship with the client; and (12)
> awards in similar cases.

Id. at 717-19.  See also In re McNichols, 258 B.R. 892, 904-05 (Bankr. N.D. Ill. 2001).

47.     Regardless of the significance of certain individual factors in determining

the value of professional services, the Court should primarily focus its attention upon the

reasonableness of the services provided to the estate.  As the United States Court of Appeals for

the First Circuit stated in holding that a district court's reduction of requested compensation was

an abuse of discretion in a case under the former Bankruptcy Act:

> It is important for a court to maintain a sense of overall proportion and not
> become enmeshed in meticulous analysis of every detailed facet of the
> professional representation.  It is easy to speculate that the work could
> have been done in less time or with fewer attorneys or with an associate
> rather than a partner.  On the other hand, it is also possible that [the
> debtor] would not have enjoyed the success it did had its counsel managed
> matters differently.

In re Boston and Maine Corp., 776 F.2d 2110 (1st Cir. 1985) (citations omitted).  See also In re

Continental Illinois Securities Litigation, 962 F.2d 566, 572 (7th Cir. 1992) (stating that the

"object in awarding a reasonable attorneys' fee, as we have been at pains to stress, is to give the

lawyer what he would have gotten in the way of a fee in an arm's length negotiation, had one

been feasible.")

21

**Application of Relevant Criteria and Standards to this Compensation Request**

48.    In applying the criteria set forth above to this request for compensation, the Court should consider foremost the effort required and expended by Jenner & Block, the reasonableness of the services rendered and the results achieved.  All of the services performed by the Applicant were required in these cases, were authorized by the Court and were performed by Jenner & Block at the request and direction of the Debtors.  Pursuant to section 331 of the Bankruptcy Code and the criteria regarding time, nature, extent and value of the services performed, all of Jenner & Block's services are compensable.

49.    Moreover, the amount of services rendered by Jenner & Block to consummate the Sale was reasonable in light of the complexity of the issues involved in these cases.  Jenner & Block attorneys allocated responsibilities among themselves to minimize potential duplication of efforts.  Compensation is sought for participation in a single task by more than one Jenner & Block attorney only in those instances in which joint participation was absolutely necessary because of (i) the significant impact of a particular hearing or meeting, (ii) the level of complexity of the issues involved, (iii) the volume of the work to be performed, (iv) the specialization required or (v) the need to preserve continuity of representation.  In cases of this magnitude and complexity, it is often more economical and sometimes necessary for multiple attorneys to attend a meeting or hearing to facilitate communication of information than to relay the information from attorney to attorney.   Under such circumstances, such representation has been approved.  Berberana v. Coler, 753 F.2d 629, 631 (7th Cir. 1985).  For example, on certain occasions, more than one Jenner & Block attorney attended hearings in these cases when numerous matters were before the Court and it would have been virtually impossible for one attorney to respond, not only to the Court's inquiries on every matter, but to any off-the-record discussions with other counsel.

50.     The legal services that Jenner & Block has thus far provided in these cases have resulted in the expediency of the cases and the resolution of various contested issues. Jenner & Block submits that its services have rendered a significant benefit to the Debtors, their estates, creditors and parties in interest.

51.     The experience and expertise in bankruptcy cases and the quality of the services brought to these cases by Jenner & Block further supports the requested compensation. Jenner & Block has charged the Debtors' estates the normal and customary hourly rates for similar services rendered in like circumstances to other clients.  The rates at which Jenner & Block seeks compensation are its standard and customary hourly rates charged for work, both bankruptcy and non-bankruptcy, performed for other clients.  The rates are comparable to the rates charged by other practitioners of similar experience and competence.

52.     Given the challenging circumstances of these cases, and the results achieved to date, Jenner & Block submits that its hourly rates for the hours which compensation is sought are reasonable and appropriate.  The compensation request is well within an acceptable range for comparable legal services in the Chicago metropolitan legal community and is imminently fair given the efforts of Jenner & Block required in these cases and the results achieved thus far for the benefit of the Debtors' estates and its creditors.

### Method of Calculating Fees

53.     In preparing this Application, Jenner & Block calculated the amount of time spent by each attorney and paralegal in performing actual and necessary legal services for the Debtors' estates.  The data came directly from computer printouts that are kept for each of Jenner & Block's clients.  Time entries are recorded in daily logs or via computer.  These entries are reported to the firm's computer which produced the time records for this Application.  Jenner & Block has reviewed the computer printouts for errors.

23

### Statement of Legal Services and Expenses Pursuant
### to 11 U.S.C. § 504 and Bankruptcy Rule 2016

54.    No agreement exists between Jenner & Block and any third person for the sharing of compensation received by Jenner & Block in these cases, except as allowed by the exception set forth in section 504 of the Bankruptcy Code and Bankruptcy Rule 2016 with respect to the sharing of compensation among members of Jenner & Block.

55.    For the Second Interim Period (from September 1, 2005 through and including October 9, 2005), Jenner & Block has devoted 375.80 hours to represent the Debtors with respect to categories "A" through "N" above and, in so doing, has provided the Debtors' estates with actual and necessary legal services worth a total of $130,006.00, and has incurred actual and necessary expenses totaling $3,361.34.

56.    Copies of the Applicant's invoices reflecting the time recorded for these services, organized in project billing categories in accordance with Local Rule 607, and statements of expenses incurred by the Applicant are incorporated herein and attached hereto as Group Exhibit A.

57.    For the Final Application Period (from June 29, 2005 through and including October 9, 2005), Jenner & Block has devoted 2,553.40 hours to represent the Debtors with respect to categories "A" through "N" above and, in so doing, has provided the Debtors' estates with actual and necessary legal services worth a total of $870,364.00, and has incurred actual and necessary expenses totaling $15,886.75.

58.    106.    For copies of the Applicant's invoices reflecting the time recorded for these services in the remaining portion of the Final Application Period, organized in project billing categories in accordance with Local Rule 607, and statements of expenses incurred by the Applicant, see the First Interim Application incorporated herein by reference.

24

**Applicant's Voluntary Reductions**

59.      Notwithstanding the reasonableness of the services rendered during the Final Application Period, Jenner & Block has voluntarily written off fees and expenses of $2,009.38 (such fees and expenses are not included in this Application).  It should be noted that this figure does not reflect additional voluntary write-offs made by Jenner & Block of $22,720.50 in the First Interim Application (such fees and expenses were not included the First Interim Application).

**Conclusion**

WHEREFORE, Jenner & Block respectfully requests that this Court enter an order:

A.      Approving interim compensation in favor of Jenner & Block in the amount of $130,006.00 for actual, necessary and reasonable professional services rendered on behalf of the Debtors for the Second Interim Period (September 1, 2005 through and including October 9, 2005);

B.      Approving interim reimbursement of expenses in favor of Jenner & Block in the amount of $3,361.34 for actual, necessary and reasonable expenses incurred on behalf of the Debtors for the Second Interim Period (September 1, 2005 through and including October 9, 2005);

C.      Approving final compensation in favor of Jenner & Block in the amount of $870,364.00 for actual, necessary and reasonable professional services rendered on behalf of the Debtors for the Final Application Period (June 29, 2005 through and including October 9, 2005);

D.     Approving final reimbursement of expenses in favor of Jenner & Block in the amount of $15,886.75 for actual, necessary and reasonable expenses incurred on behalf of the Debtors for the Final Application Period (June 29, 2005 through and including October 9, 2005);

E.     Authorizing payment to Jenner & Block of the difference between the amount allowed hereunder and the amounts previously paid to Jenner & Block pursuant to the Interim Compensation Order, as provided above; and

F.     Granting such other and further consistent relief as the Court may deem equitable and just.

Dated: October 24, 2005                    Respectfully submitted,

By:     /s/ Jerry L. Switzer, Jr.
        Mark K. Thomas (ARDC #06181453)
        Jerry L. Switzer, Jr. (ARDC #06210229)
        Peter J. Young (ARDC #06278765)
        JENNER & BLOCK LLP
        One IBM Plaza
        Chicago, Illinois 60611
        (312) 222-9350
        (312) 840-7374 (Fax)

        Counsel for Debtors

26