UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| JII LIQUIDATING, INC. f/k/a | ) | Case No. 05-25909 |
| JERNBERG INDUSTRIES, INC.; JSI | ) | (Jointly Administered) |
| LIQUIDATING, INC. f/k/a JERNBERG | ) | |
| SALES, INC; and | ) | Bankruptcy Judge John H. Squires |
| IM LIQUIDATING, LLC f/k/a IRON | ) | |
| MOUNTAIN INDUSTRIES, LLC, | ) | Hearing Date: December 10, 2009 |
| | ) | Hearing Time: 9:30 a.m. |
| Debtors. | ) | |

## NOTICE OF MOTION

To:    See Attached Service List

**PLEASE TAKE NOTICE** that on **Thursday, December 10, 2009**, at the hour of **9:30 a.m.**, the undersigned shall appear before the Honorable John H. Squires, United States Bankruptcy Judge (or any judge who may be sitting in his stead), Courtroom 680, 219 South Dearborn Street, Chicago, Illinois, and shall then and there present the **MOTION OF THE TRUSTEE FOR APPROVAL OF STIPULATION AND FINAL SETTLEMENT AGREEMENT WITH SENTRY INSURANCE, A MUTUAL COMPANY, RESOLVING CERTAIN DISPUTES RELATED TO VARIOUS CLAIMS IT HAS ASSERTED AGAINST THESE ESTATES,** a copy of which is attached hereto and served upon you, at which time you may appear as you see fit.

Dated: November 24, 2009

RICHARD J. MASON, Trustee of the
Bankruptcy Estates of JII Liquidating Inc.
f/k/a Jernberg Industries, Inc., f/k/a JSI
Liquidating Inc., f/k/a Jernberg Sales, Inc.,
IM Liquidating, LLC f/k/a Iron Mountain
Industries LLC

By:/s/ Michael M. Schmahl
    One of His Attorneys

Richard J. Mason, P.C.(ARDC #01787659)
Patricia K. Smoots (ARDC #06194076)
Michael M. Schmahl (ARDC #06275860)
McGUIREWOODS LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601-1815
(312) 849-8100
*Counsel to Richard J. Mason, Trustee*

Active\3976675.1

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he caused the **Notice of Motion** and **MOTION OF THE TRUSTEE FOR APPROVAL OF STIPULATION AND FINAL SETTLEMENT AGREEMENT WITH SENTRY INSURANCE, A MUTUAL COMPANY, RESOLVING CERTAIN DISPUTES RELATED TO VARIOUS CLAIMS IT HAS ASSERTED AGAINST THESE ESTATES**, was duly served upon those parties on the attached Service List, by regular United States mail, postage pre-paid, this 24th day of November, 2009.

/s/ **Michael M. Schmahl**

## **SERVICE LIST**

Thomas V. Askounis, Esq.
Askounis & Borst, PC
180 North Stetson, Suite 3400
Chicago, IL 60601
FAX: 312/861-0022
taskounis@askborst.com

Associate Area Counsel SB SE
Internal Revenue Service
200 W. Adams Street, Suite 2300
Chicago, IL 60605-9244
FAX: 312-368-8710

Carson Fischer PLC
Joseph M. Fischer
4111 Andover Road West Building
2nd Floor
Bloomfield Hills, MI 48302
PHONE: 248-644-4840
FAX: 248-644-1832
jfischer@carsonfischer.com

Edmond M. Burke
Joshua S. Hyman
Chuhak & Tecson PC
30 South Wacker Drive, Suite 2600
Chicago, IL 60606
FAX: 312-444-9027
eburke@chuhak.com
jhyman@chuhak.com

A. Jeffrey Zappone
CM&D Management Services LLC
303 West Madison, Suite 1600
Chicago, IL 60606
FAX: 312-220-0101
jzappone@c-m-d.com

Joel A. Stein
Deutsch, Levy & Engel, Chartered
225 W. Washington Street, Suite 1700
Chicago, IL 60606
FAX: 312-346-1859
joelastein@dlec.com

Michael C. Hammer, Esq.
Dickinson Wright PLLC
301 E. Liberty Street, Suite 500
Ann Arbor, MI 48104
FAX: 734-623-1627
mhammer@dickinsonwright.com

Dawn R. Copley Esq.
Dickinson Wright PLLC
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
FAX: 313-223-3598
dcopley@dickinsonwright.com

DLA Piper Rudnick
David N. Missner
Marc I. Fenton
Alex Terras
203 North LaSalle Street, Suite 1900
Chicago, IL 60601
PHONE: 312-368-7082
FAX: 312-236-7516
marc.fenton@dlapiper.com
alexander.terras@dlapiper.com
david.missner@dlapiper.com

Barbara L. Yong
Field & Golan LLP
70 West Madison Street, Suite 1500
Chicago, IL 60602
FAX: 312-263-0939
blyong@fieldgolan.com

Michael D. Lee
Robert J. Trizna
Schyuler Roche & Zwirner
One Prudential Plaza
130 E. Randolph Drive, Suite 3800
Chicago, IL 60601
FAX: 312-565-8300
mlee@srzlaw.com
rtrizna@srzlaw.com

Active\3976675.1

Robert B. Weiss
Aaron M. Silver
Honigman Miller Schwartz & Cohn
2290 First National Building
Detroit, MI 48225
FAX: 313-465-7597
rweiss@honigman.com
asilver@honigman.com

Illinois Department of Revenue
Attn Collections Div
101 W Jefferson
PO Box 19035
Springfield, IL 62794-9035
PHONE: 217-782-3336
FAX: 217-782-4217

Intermet Decatur Foundry
c/o Intermet Corporation
Gregory Wahowiak
301 Commerce Street, Suite 2901
Fort Worth, TX 76102-4140
PHONE: 817-348-9190
FAX: 866-833-3583

Jerry Switzer
Polsinelli Shughart PC
180 N. Stetson, Suite 4525
Chicago, IL 60601
PHONE: 312/923-2974
FAX: 312-873-2926
jswitzer@polsinelli.com

Ilana N. Glazier
Jones Day
77 West Wacker Drive, 35th Floor
Chicago, IL 60601
FAX: 312-782-8585
jglazier@jonesday.com

Heather Lennox
Ryan T. Routh
Jones Day
901 Lakeside Avenue
Cleveland, OH 44114
FAX: 216-579-0212
hlennox@jonesday.com
rrouth@jonesday.com

Matthew Olins
John P. Sieger
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, IL 60661-3693
FAX: 312-902-1061
matthew.olins@kattenlaw.com
john.sieger@kattenlaw.com

James S. Carr, Esq.
Edward Leen
Kelley Drye Warren LLP
101 Park Avenue
New York, NY 10178
FAX: 212-808-7897
jcarr@kelleydrye.com
eleen@kelleydrye.com

Kurtzman Carson Consultants LLC
Jason Jay Scott
2335 Alaska Ave.
El Segundo, CA 90245-4808
PHONE: 310-823-9000
FAX: 310-751-1549
jscott@kccllc.com

LaSalle Bank NA
John M. Schuessler
135 S. LaSalle Street, Suite 2140
Chicago, IL 60603
PHONE: 312-904-8618
FAX: 312-904-8169
john.schuessler@abnamro.com

Mac Steel
Stefan J. Prociv
One Jackson Square
Jackson, MI 49201
PHONE: 800-876-7833
FAX: 517-782-8736

Gary D. Santella
Rein Krammer
Masuda Funai Eifert & Mitchell, Ltd.
203 N. LaSalle Street, Suite 2500
Chicago, IL 60601-1262
PHONE: 312-245-7500
FAX: 312-245-7467
gsantella@masudafunai.com

Republic Engineered Products
George E. Strickler
3770 Embassy Parkway
Akron, OH 44333
PHONE: 800-232-7157 x3283
FAX: 330-670-7002

Shaw Gussis Fishman LLC
Steven B. Towbin
321 N. Clark Street, Suite 800
Chicago, IL 60601
PHONE: 312-276-1333
FAX: 312-275-0569
stowbin@shawgussis.com
mradtke@shawgussis.com

Andrew J. Abrams
Sugar Friedberg
30 North Lasalle Street, Suite 3000
Chicago, IL 60602
PHONE: 312-704-9400
FAX: 312-372-7951
aabrams@sff-law.com

Paula K. Jacobi, Esq.
Barnes & Thornburg LLP
1 North Wacker Drive
Suite 4400
Chicago, IL 60606
312 214 4866
Fax : 312 759-5646
pjacobi@btlaw.com

United States Attorney Office
Patrick J. Fitzgerald
219 S. Dearborn Street, 5th Flr
Chicago, IL 60604
PHONE: 312-353-5300
FAX: 312-353-2067

United States Trustee
Kathryn M. Gleason
219 South Dearborn Street, Room 873
Chicago, IL 60604
PHONE: 312-886-5785
FAX: 312-886-5794
kathryn.m.gleason@usdoj.gov

Wildman Harrold
Scott A. Semenek
225 W. Wacker Dr., Suite 3000
Chicago, IL 60606
PHONE: 312-201-2162
FAX: 312-201-2555
semenek@wildmanharrold.com

Mark Thomas
Proskauer Rose
Three First National Plaza
70 West Madison, Suite 3800
Chicago, IL 60601
FAX: 312/962-3551
mthomas@proskauer.com

Wisconsin Steel & Tube Corp
Michael F. Poehlmann
1555 N. Mayfair Rd.
Milwaukee, WI 53226
PHONE: 414-453-4441
FAX: 414-453-0789

Michael A. Cox, Attorney
Heather M. Durian,
Asst. Attorney General
State of Michigan
Department of Treasury
P.O. Box 30754
Lansing, MI 48909
PHONE: 517-373-3203
FAX: (517) 373-3042

Scott N. Opincar
McDonald Hopkins Co., LPA
600 Superior Avenue, E. Suite 2100
Cleveland, OH 44114
FAX: 216-348-5474
sopincar@mcdonaldhopkins.com

Mitchell L. Marinello
Joseph S. Nacca
Novack and Macey LLP
100 N. Riverside Plaza
Chicago, IL 60606
FAX: 312-419-6928
mlm@novackandmacey.com
jnacca@novackandmacey.com

William McCarron, Jr.
Office of Chief Counsel
Pension Benefit Guaranty Corporation
1200 K. Street NW
Washington, DC 20005
FAX: 202-326-4112
Mccarron.william@pbgc.gov

Martin B. Tucker
Frost Brown Todd LLC
250 W. Main Street, Suite 2700
Lexington, KY 40507-1749
FAX: 859-231-0011

Eugene J. Geekie, Jr.
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 60606
FAX: 312-258-5700
egeekie@schiffhardin.com

Richard M. Bendix Jr.
Schwartz Cooper
Greenberger & Krauss Chtd.
180 N. LaSalle Street, Suite 2700
Chicago, IL 60601
FAX: 312-264-2441
rbendix@scgk.com

Joshua M. Bernstein
Pedersen & Houpt
161 N. Clark Street
Suite 3100
Chicago, IL 60601-3242
FAX: 312/261-2256
jbernstein@pedersenhoupt.com

Alexander D. Kerr Jr.
Bruce Wald
Tishler & Wald Ltd.
200 South Wacker Drive, Suite 3000
Chicago, IL 60606
FAX: 312-876-3816
akerr@tishlerwandwald.com
bwald@tishlerandwald.com

R. Scott Alsterda
Ungaretti & Harris LLP
3500 Three First National Plaza
Chicago, IL 60602
FAX: 312-977-4405
rsalsterda@uhlaw.com

David R. Jury
Assistant General Counsel
United Steel Workers
Five Gateway Center, Room 807
Pittsburgh, PA 15222
FAX: 412-562-2429
djury@steelworkers-usw.org

Dykema Gossett PLLC
10 S. Wacker Drive, Suite 2300
Chicago, IL 60606
FAX: 866-698-0830

Gregory J. Jordan
Apostol, Kowal & Jordan, Ltd.
200 South Wacker Drive, 32nd Floor
Chicago, IL 60606
(312) 854-7180 (Telephone)
(312) 276-9285 (Facsimile)

Shawn M. Christianson
Buchalter Nemer
333 Market Street, 25th Floor
San Francisco, CA 94105-2126
FAX: 415-227-0770
schristianson@buchalter.com

David C. Bargamian
Leo J. Gibson
Barris Scott & Driker PLLC
211 W. Fort St., 15th Floor
Detroit, MI 48226
FAX: 313-965-2493

Richard C. Jones
Jones & Jacobs
77 W. Washington
Chicago, IL 60601
FAX: 312/419-9114

Tennessee Department of Revenue
c/o TN Attorney General's Office
Bankruptcy Division
P.O. Box 20207
Nashville, TN 37202
FAX: 615-741-3334

John Collen, Esq.
Lauren N. Nachinson, Esq.
Quarles & Brady LLP
500 West Madison Street, Suite 3700
Chicago, IL 60661
FAX: 312-715-5155
jcollen@quarles.com
lnachins@quarles.com

Republic Engineered Products
Attn: Janet Hartline
3770 Embassy Parkway
Akron, OH 44333
FAX: 330-670-7029

Fuji Machine America Corp.
Attn: Mary Ann Fleischmann
171 N. Corporate Woods Pkwy.
Vernon Hills, IL 60061
FAX: 847-821-7815

Mac Steel
Attn: Jill Loser
c/o Quanex Corporation
P. O. Box 67-799
Detroit, MI 48267

Kay Manufacturing Co.
Attn: Steve Pelke
602 State Street
Calumet, IL 60409
FAX: 708-862-8122

Intermet Decatur Foundry
Attn: Jeff Cochran
5366 Paysphere Circle
Chicago, IL 60674
FAX: 217-425-6662

The Timken Company
Attn: Mike Szum
75 Remittance Drive., Ste. 1073
Chicago, IL 60675
FAX: 330-471-4388

Tunnell Consulting
Attn: Raymond L. Manganelli
900 E. Eighth Ave., Ste. 106
King of Prussia, PA 19406
FAX: 610-337-1884

Doall Chicago
Attn: K. Morrill
4436 Paysphere Circle
Chicago, IL 60674
FAX: 847-824-4340

Wisconsin Steel & Tube
Attn: Tom Herrmann
1555 North Mayfair Road
P. O. Box 25365
Milwaukee, WI 53226
FAX: 414-453-0789

Finkl & Sons, Inc.
Attn: Mike Pelicani
2011 North Southport
Chicago, IL 60614
FAX: 773-348-5347

Zurich American Ins. Co.
Attn: Scott Humphrey
1400 American Lane
Tower 2, 9th Floor
Schaumburg, IL 60196
FAX: 847-240-8050

Welding Alloys USA, Inc.
Attn: Dominic Steckay
8535 Dixie Highway
Florence, KY 41042
FAX: 859-525-9094

Mitsubishi Material USA
Attn: Yuki
P. O. Box 51377
Los Angeles, CA 90051-3777
FAX: 800-643-4909

AML Industries
Attn: T. Kratzner
P. O. Box 4110
Warren, OH 44482
FAX: 330-399-5005

Motion Industries
Attn: M. Eckhoff
P. O. Box 98412
Chicago, IL 60693
FAX: 312-850-4085

Labor Temps
Attn: Steve Swerdloff
5620 Cermak Road
Cicero, IL 60804
FAX: 708-652-8283

CBRE (CB Richard Ellis)
Attn: Deborah Reed
20 N. Martingale Rd., Suite 100
Schaumburg, IL 60173
FAX: 847-517-4384

Sentry Insurance
Attn: Ken Erler, Associate Counsel
1800 Northpoint Drive
Stevens Point, WI 55481-1253
FAX: 715-346-7028

Howell Welding Corp.
Attn: Janet
1071 Waveland Avenue
Franklin Park, IL 60131
FAX: 630-616-1102

Pat Mooney, Inc.
Attn: P. Thornton
502 S. Westgate Street
Addison, IL 60101-4525
FAX: 630-543-5584

Perkins Products
Attn: R. Perkins
7025 W. 66th Place
Bedford Park, IL 60638
FAX: 708-458-2057

Durmat, Inc.
Attn: William E. Thomas
11122 I-45 South, Ste. 1
Conroe, TX 77302
FAX: 936-539-2470

Ford Tool & Machining Co.
Attn: Tom Chustak
2205 Range Road
Rockford, IL 61111
FAX: 815-633-0380

Bohler Thyssen Welding
Attn: Jeff Soltis
P. O. Box 721678
Houston, TX 77272
FAX: 281-499-4347

Aramark Uniform Services
Attn: Mike Straus
4200 South Halsted, Ste. 604
Chicago, IL 60609
FAX: 773-376-0680

Ervin Industries, Inc.
Attn: K. Monty
3893 Research Park Drive
Ann Arbor, MI 48108
FAX: 734-663-0136

Mid-America Propane Co.
Attn: Veril Elms
5050 North River Road
Schiller Park, IL 60176
FAX: 847-233-7129

McMaster-Carr Supply Co.
Attn: Darren Finke
600 County Line Road
Elmhurst, IL 60126
FAX: 630-834-9427

Michigan Welding
Attn: Larry Ulry
31125 Fraser Drive
Fraser, MI 48026
FAX: 586-294-2537

Thyssen
Attn: N. Adoba
P. O. Box 93614
Chicago, IL 60673
FAX: 630-682-3428

William D. Cherny
Kuhn Mitchell Moss Mork
 & Lechowicz LLC
P.O. Box 359
Naperville, IL 6056600359
FAX: 630-355-0458

Bruce J. Ruzinsky
Desiree' K. Killen
Jackson Walker LLP
1401 McKinneySt., #1900
Houston, TX 77010
FAX: 713-752-4221
bruzinsky@jw.com
dkillen@jw.com

Heather M. Forrest
Jackson Walker LLP
901 Main Street, #6000
Dallas, TX 75202
FAX: 214-953-5822
hforrest@jw.com

President
Euler American Credit Indemnity Co.
800 Red Brook Blvd.
Owings Mills, MD. 21117-1008
Re: Republic Engineered Products, Inc.
Policy No. 3904184

Euler American Credit Indemnity Co.
C/o: Insurance Commissioner
200 St. Paul Place, Suite 2700
Baltimore, MD 21202

President
Federal Insurance Company
c/o Chubb Group of Insurance Companies
15 Mountain View Road
Warren, NJ 07059
Re: Republic Engineered Products, Inc.
Policy No. MKC-25010130

Henry G. Gulick
Patricia Tomczyk
Federal Insurance Company
c/o Chubb Group of Insurance Companies
15 Mountain View Road
Warren, NJ 07059
Re: Republic Engineered Products, Inc.
Policy No. MKC-25010130

Federal Insurance Co.
C/o CT Corporation System
251 E. Ohio Street, Suite 1100
Indianapolis, IN 46204

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **In re:** ) | **Chapter 7** |
| ) | |
| **JII LIQUIDATING, INC. f/k/a JERNBERG** ) | **Case No. 05-25909** |
| **INDUSTRIES, INC.; JSI LIQUIDATING, INC.** ) | **(Jointly Administered)** |
| **f/k/a JERNBERG SALES, INC; and** ) | |
| **IM LIQUIDATING, LLC f/k/a IRON** ) | **Bankruptcy Judge John H.** |
| **MOUNTAIN INDUSTRIES, LLC,** ) | **Squires** |
| ) | |
| **Debtors.** ) | |

**MOTION OF THE TRUSTEE FOR APPROVAL OF
STIPULATION AND FINAL SETTLEMENT AGREEMENT WITH SENTRY
INSURANCE, A MUTUAL COMPANY, RESOLVING CERTAIN DISPUTES RELATED
TO VARIOUS CLAIMS IT HAS ASSERTED AGAINST THESE ESTATES**

Richard J. Mason, not individually but solely as the chapter 7 trustee (the "Trustee") of the estates of JII Liquidating, Inc. f/k/a Jernberg Industries, Inc. ("Jernberg"), JSI Liquidating, Inc. f/k/a Jernberg Sales, Inc, and IM Liquidating, LLC f/k/a Iron Mountain Industries, LLC, (collectively, the "Debtors"), through his undersigned counsel, hereby moves (the "Motion") the Court pursuant to 11 U.S.C. § 105 and Federal Rule of Bankruptcy Procedure 9019(a) for entry of an order approving a final compromise (the "Proposed Final Settlement") with Sentry Insurance, a Mutual Company ("Sentry"), as contained in the Stipulation and Final Settlement Agreement attached hereto as Exhibit A, to resolve all of the remaining disputes between the Trustee and Sentry related to all of the claims Sentry has asserted against these estates (the "Sentry Claims") and, in support thereof, respectfully states as follows:

**Jurisdiction and Venue**

1. This is a core matter pursuant to 28 U.S.C. § 157(b), and the Court has jurisdiction over this Motion under 28 U.S.C. §§157(b) and 1334.

2. Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

Active\3976675.1

## Background

3. On June 29, 2005 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division.

4. On the Petition Date, the Debtors filed a motion **[Docket No. 27]** seeking approval of bidding procedures in connection with the proposed sale (the "Sale") of substantially all of their assets to Hephaestus Holdings, Inc. (including all successors, "HHI") for $1,250,000 cash and the assumption of certain of the Debtors' liabilities, pursuant to an Asset Purchase Agreement (as thereafter amended, the "APA").

5. On August 24, 2005, the Court entered an order authorizing and approving the Sale to HHI (the "Sale Order") **[Docket No. 421]**.

6. On September 7, 2005 (the "Closing Date"), the Debtors and HHI closed the Sale. Effective as of the Closing Date, the Debtors ceased all operations and terminated all of their employees.

7. On October 10, 2005, these cases were converted to cases under chapter 7 of the Bankruptcy Code. Mason was appointed the trustee of these estates shortly thereafter.

## Sentry's Relationship With the Debtors and Sentry's Claims

8. Since before the Petition Date until the Closing Date, Sentry provided various insurance coverages to the Debtors pursuant to certain workers' compensation (the "Workers' Compensation Policy"), general liability (the "General Liability Policy"), and automotive insurance policies (the "Auto Policy", and collectively and including the General Liability Policy and the Workers' Compensation Policy, the "Insurance Policies") owned by the Debtors.

2

9. On August 24, 2005, Sentry filed a Motion and Request for Payment of Administrative Expenses (the "Administrative Expense Motion") **[Docket No. 420]**, in which Sentry is principally seeking payment of certain premiums based on the Insurance Policies on an administrative priority basis.

10. On August 31, 2005, Sentry filed a Motion for Relief from Stay as to Insurance (the "Stay Motion") **[Docket No. 435]**, principally seeking to terminate the Insurance Policies due to the nonpayment of required premiums by the Debtors. The Stay Motion was rendered moot, because the Insurance Policies were terminated by agreement on the Closing Date, when the Debtors ceased all of their business operations.

11. Sentry also filed proofs of claim (collectively, the "Proof of Claim") **[Claim No. 21 in Case No. 05 B 25909; Claim No. 138 in Case No. 05 B 25910]** dated April 5, 2006, against the Debtors in the estimated amount of $1,545,725 consisting of an estimated unsecured portion of $373,466; an estimated secured portion of $800,000; and an estimated priority portion of $372,257. The Proof of Claim, among other things, significantly reduced the amount of Sentry's asserted administrative priority claims previously asserted in the Administrative Expense Motion and added additional alleged secured and unsecured pre-petition claims.

12. All of Sentry's claims in the Administrative Expense Motion and the Proof of Claim are based on the Insurance Policies. Sentry has certain continuing obligations under the Workers' Compensation Policy that have and will continue to result in additional claims against the Debtors based on certain retrospective premiums (the "Retrospective Premiums") required under the Workers Compensation Policy. Sentry has estimated these anticipated future Retrospective Premiums in the Proof of Claim by calculating portions of its claims using various risk factors and actuarial calculations. In other words, Sentry's claims are, in part, based on

3

actuarial projections and certain additional risk factors, arising from pre- and post-bankruptcy accidents that may not be fully liquidated for a number of years.

13. Therefore, portions of Sentry's claims are based upon, among other things, (a) incurred payments, fees, costs and expenses to date for all open policy years, and (b) projected Retrospective Premiums to be incurred during the run off of employee injury claims under the Workers Compensation Policy. As such, the actual amount of Sentry's claims change over time as the actual amounts of Retrospective Premiums become known following Sentry's payouts to or for the benefit of the beneficiaries of the Workers Compensation Policy.

14. Sentry also previously held $829,585.19[1] (comprised of an $800,000 security deposit that is accruing simple interest at a rate of 4.15% annually) (including all accrued interest, the "Security Deposit") of the Jernberg estate's money as security for the payment of premiums on the Insurance Policies, including the Retrospective Premiums, pursuant to a certain security agreement previously executed by the Debtors.

15. The Trustee informally objected to many of Sentry's asserted claims, and the parties conducted settlement negotiations and conducted informal discovery.

16. On July 27, 2006, the Court entered an Order **[Docket No. 771]** authorizing and approving an initial settlement between the Trustee and Sentry in accordance with the Stipulation and Initial Settlement Agreement between the parties (the "Initial Settlement").[2] The Initial Settlement, among other things:

> a) divided the Security Deposit between Sentry and the Trustee so that Jernberg's bankruptcy estate received $100,000 of the Security

---

[1] This amount includes interest accrued through June 30, 2006.
[2] A copy of the Initial Settlement is attached as Exhibit A to the Trustee's motion seeking approval of the Initial Settlement **[Docket No. 758]**.

4

Deposit, and Sentry retained and was permitted to apply the balance, in the amount of approximately $729,585.19, against its claims;

b) resolved various disputes regarding the appropriate manner for calculating the amount Sentry's asserted administrative priority claim and general unsecured claim (i.e. whether any specific Retrospective Premiums would be considered general unsecured claims or chapter 11 administrative claims);

c) resolved disputes related to certain pre-bankruptcy transfers by the Debtors to Sentry that the Trustee believed were avoidable pursuant to Section 547 of the Bankruptcy Code; and

d) capped the total potential amount of the Sentry's general unsecured claim at $423,466.02 and the total potential amount of Sentry's chapter 11 administrative claim at $372,257.

### The Proposed Final Settlement

17. Since the Court's approval of the Initial Settlement, the Trustee has reviewed numerous documents and reports regarding the component parts of Sentry's claims, especially including the actual and anticipated additional Retrospective Premiums incurred, and conducted extensive discussions with Sentry. Following arms length negotiations, Sentry and the Trustee have entered into, subject to Court approval, the Proposed Final Settlement, as contained in the Stipulation and Final Settlement attached hereto as Exhibit A, to resolve all of the remaining disputes related to the Administrative Expense Motion, the Proof of Claim, and any other disputes between the parties.

18. Generally, the terms of the Proposed Final Settlement are as follows:

5

      (a)     Sentry shall have an allowed pre-petition, general unsecured claim in the amount of $423,466.02 (the "Allowed General Unsecured Claim");

      (b)     Sentry shall have an allowed chapter 11 administrative expense claim in the amount of $372,257.00 (the "Allowed Chapter 11 Administrative Claim");

      (c)     Sentry shall receive distributions on account of the Allowed General Unsecured Claim and the Allowed Chapter 11 Administrative Claim from Jernberg's bankruptcy estate pursuant to the priorities and procedures of the Bankruptcy Code;

      (d)     In the event that the Trustee seeks to substantively consolidate the Debtors' bankruptcy estates into a single bankruptcy estate, Sentry will not object to such substantive consolidation of the Debtors' bankruptcy estates;

      (e)     Sentry will not file any motions or pleadings or take any other action in or before the Court seeking payment on account of the Allowed Chapter 11 Administrative Claim through and including December 31, 2009;

      (f)     Sentry will waive, release, and forever discharge any and all claims, known or unknown, against the Trustee, the Debtors, or these estates, except that Sentry retains its rights to obtain distributions from Jernberg's bankruptcy estate on account of the Allowed General Unsecured Claim and the Allowed Chapter 11 Claim;

      (g)     the Trustee and these estates will waive, release, and forever discharge all known claims against Sentry , including all claims under section 547 of the Bankruptcy Code; and

      (h)     the Court retains jurisdiction to interpret, construe, and enforce the Proposed Initial Settlement.

**Proposed Final Settlement Is In the Best Interests of the Estate and Should Be Approved**

19. Based on the Trustee's investigation and analysis of the Administrative Expense Motion, the Proof of Claim, and the likely costs and risks involved with further litigation[3], the Trustee believes that the Proposed Final Settlement is fair and equitable and in the best interests of these bankruptcy estates as required by the Seventh Circuit Court of Appeals in Depositor v. Mary M. Holloway Foundation, 36 F.3d 582, 586 (7th Cir. 1994). Further, the Trustee believes the provisions of the Proposed Final Settlement fall well "within the range of litigation possibilities," as required by our Circuit Court's decision in In Re Energy Co-op, Inc., 886 F.2d 921, 929 (7th Cir. 1989). A proposed settlement falls outside that range "'only if it falls below the lowest point in the range of reasonableness.'" In re Telesphere Communications Inc., 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994), quoting In re Energy Co-op, Inc., 886 F.2d 921, 929 (7th Cir. 1989) (internal quotation marks omitted); and see, In re Drexel Burnham Lambert Group, Inc., 134 B.R. 493, 496-97 (Bankr. S.D.N.Y. 1991) (same principle).

20. The Proposed Final Settlement is in the best interests of these estates, because Sentry has provided documents and other evidence to the Trustee that the amount of the Retrospective Premiums already incurred exceed the amounts of the Allowed General Unsecured Claim and the Allowed Chapter 11 Administrative Claim.

**Notice**

21. The Trustee has provided notice of this Motion to (i) the thirty largest creditors of the Debtors, (ii) the United States Trustee, and (iii) those parties who have requested receipt of pleadings in these cases pursuant to Federal Rule of Bankruptcy Procedure 2002. Since the

---

[3] The Trustee anticipates that further litigation of these disputes would likely involve voluminous documentary evidence and expert testimony, including *inter alia* actuarial testimony.

7

foregoing parties have been the most active in these cases, the Trustee requests that the Court determine that such notice is adequate and appropriate under the circumstances.

22.  Additionally, the Trustee requests that the Court shorten notice so that this Motion may be heard at the hearing scheduled in these cases on the December 10, 2009, at 9:30 A.M. on sixteen days notice rather than the 20-day notice generally required under Federal Rule of Bankruptcy Procedure 2002 in order to save the estate for incurring additional expenses. The Trustee believes that there is ample cause to shorten notice pursuant to Federal Rules of Bankruptcy Procedure 9006(c)(1) (generally authorizing the Court to reduce the time required or allotted to perform various acts) and 2002(a)(3) (authorizing the Court to generally limit notice). For these reasons, the Trustee requests that the Court approve the limited notice described in this Motion.

(Remainder of the page intentionally left blank.)

WHEREFORE, the Trustee respectfully requests the Court enter an Order (i) approving the Stipulation and Final Settlement Agreement; (ii) retaining jurisdiction in this Court to interpret, construe, and enforce the Stipulation and Initial Settlement Agreement; (iii) approving

the limited notice described in this Motion; and (iv) granting such additional relief as the Court determines is just and appropriate.

Dated: November 24, 2009                Richard J. Mason, Trustee


                                        By: /s/ Michael M. Schmahl
                                            One of His Attorneys


Richard J. Mason, P.C.(ARDC #01787659)
Patricia K. Smoots (ARDC #06194076)
Michael M. Schmahl (ARDC #06275860)
MCGUIREWOODS LLP
77 West Wacker Drive
Suite 4100
Chicago, IL 60601-1815
(312) 849-8100
*Counsel to Richard J. Mason, Trustee*

9