UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| JII LIQUIDATING, INC. f/k/a JERNBERG | ) | Case No. 05-25909 |
| INDUSTRIES, INC.; JSI LIQUIDATING, | ) | (Jointly Administered) |
| INC. f/k/a JERNBERG SALES, INC; and | ) | |
| IM LIQUIDATING, LLC f/k/a IRON | ) | Bankruptcy Judge John H. |
| MOUNTAIN INDUSTRIES, LLC, | ) | Squires |
| | ) | |
| Debtors. | ) | |

### ORDER APPROVING THE STIPULATION AND FINAL SETTLEMENT AGREEMENT BETWEEN THE TRUSTEE AND SENTRY INSURANCE, A MUTUAL COMPANY

This matter having come before the Court for a hearing on the Motion (the "Motion") of Richard J. Mason (the "Trustee"), not individually but solely as the trustee of the estates of JII Liquidating, Inc. f/k/a Jernberg Industries, Inc. ("Jernberg"), JSI Liquidating, Inc. f/k/a Jernberg Sales, Inc, and IM Liquidating, LLC f/k/a Iron Mountain Industries, LLC (collectively and including Jernberg, the "Debtors"), for Approval of a Stipulation and Final Settlement Agreement With Sentry Insurance, A Mutual Company, Resolving Certain Disputes Related to Various Claims It Has Asserted Against These Estates; this being a core matter; due and adequate notice having been provided to all parties entitled thereto; the Court having been advised in the premises and having determined that the terms of the final settlement (the "Final Settlement"), as contained in the Stipulation and Final Settlement Agreement attached as Exhibit A to the Motion, are within the range of litigation possibilities and are equitable and in the best interests of these estates;

IT IS HEREBY ORDERED THAT:

1. the Motion is granted in its entirety;

2. the Trustee is authorized to enter into the Stipulation and Final Settlement Agreement;

3. the terms of the Final Settlement as contained in the Stipulation and Final Settlement Agreement are approved;

4. the limited and shortened notice as described in the Motion is appropriate under the circumstances and is authorized and approved;

5. Sentry shall have an allowed general unsecured claim against the Jernberg's bankruptcy estate in the amount of $423,466.02;

6. Sentry shall have an allowed chapter 11 administrative expense claim against Jernberg's bankruptcy estate in the amount of $372,257.00;

7. Proof of Claim No. 21 on the Claims Register in Case No. 05-25909 is deemed withdrawn;

8. Proof of Claim No. 138 on the Claims Register in Case No. 05-25910 is deemed withdrawn; and

9. the Court retains jurisdiction to interpret, construe, and enforce the Stipulation and Initial Settlement Agreement.

Dated: DEC 10 2009

_____
United States Bankruptcy Judge