IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | |
| JII LIQUIDATING, INC. f/k/a JERNBERG ) | Case No. 05-25909 |
| INDUSTRIES, INC.; JSI LIQUIDATING, INC. f/k/a ) | (Jointly Administered) |
| JERNBERG SALES, INC; and ) | |
| IM LIQUIDATING, LLC f/k/a IRON MOUNTAIN ) | Judge Jacqueline P. Cox |
| INDUSTRIES, LLC, ) | |
| ) | |
| Debtors. ) | |

**TRUSTEE'S REPORT OF DEPOSIT OF UNCLAIMED FUNDS**

Pursuant to 11 USC 347 and Rule 3011 of the Federal Rules of Bankruptcy Procedure, the Richard J. Mason, not individually, but solely as the chapter 7 trustee ("Trustee" or "Mason") of the bankruptcy estates of the above-captioned debtors ("Debtors") provides the following Trustee's Report of Deposit of Unclaimed Funds ("Report") with the Clerk of the Bankruptcy Court and states as follows:

1.  On June 29, 2005 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.  The principal operation of the Debtors was owned by JII Liquidating, Inc., f/k/a Jernberg Industries, Inc. ("Jernberg Industries"). A significant smaller operation was owned by IM Liquidating, LLC, f/k/a Iron Mountain Industries, LLC ("Iron Mountain"). The third debtor, JSI Liquidating, Inc., f/k/a Jernberg Sales, Inc. ("Jernberg Sales"), served as a sales conduit for Jernberg Industries and Iron Mountain.

3.  On the Petition Date, the Debtors filed a motion [Docket No. 27] seeking approval of bidding procedures in connection with the proposed sale (the "Sale") of substantially all of their

operating assets to Hephaestus Holdings, Inc. ("New Jernberg") pursuant to an Asset Purchase Agreement (as thereafter amended, the "APA").

4. On August 24, 2005, the Court entered an order authorizing and approving the Sale to New Jernberg (the "Sale Order") [Docket No. 421].

5. On September 26, 2005, the Court entered an order converting these cases to cases under chapter 7 of the Bankruptcy Code as of 12:01 A.M. on October 10, 2005 (the "Conversion Date") [Docket No. 529]. Mason was appointed the Trustee shortly thereafter.

6. On September 26, 2005, the Court appointed Richard J. Mason as Trustee in JII Liquidating, Inc. f/k/a Jernberg Industries, Inc., JSI Liquidating, Inc. f/k/a Jernberg Sales, Inc and IM Liquidating, LLC f/k/a Iron Mountain Industries, LLC.

7. On October 6, 2011, the Court granted the Trustee's Motion to Treat Debtors' Bankruptcy Estates as Substantively Consolidated for Distribution Purposes Only. The Trustee continues to serve as Trustee in this case.

8. On November 22, 2011, the Trustee filed his Trustee's Final Report [Docket No. 1355].

9. On December 22, 2011 the Court entered an Order approving the Trustee's Final Report and authorizing and allowing the Trustee to pay outstanding chapter 7 administrative expenses (including the Trustee's professionals), paying in full creditors holding priority claims, including substantial claims of the Pension Benefit Guarantee Corporation, and paying a dividend of approximately 15% to general unsecured creditors.

10. The Trustee has distributed almost the entire amount of the funds on hand to the appropriate creditors and the Trustee was successful, with the assistance of his general counsel, McGuireWoods, LLP, to pay nearly every creditor with an allowed general unsecured claim its respective distribution from the Estate.

11. On December 28, 2011, Trustee sent distribution checks via U.S. Mail to all creditors holding an unpaid allowed claim, including those creditors listed below.

12. Of the millions available for distribution to unsecured creditors, the Trustee was unable to distribute only a total of $4,571.52 to creditors because the respective creditor either (a) declined to accept the respective distribution because it could not match it up to its internal records, or (b) the Trustee received the mailing returned and marked "Return to Sender, No Forwarding Address", and could not locate the creditor at another address (collectively, the "Unclaimed Funds").

13. By reason of the foregoing, the Trustee stopped payment on the distribution checks to following creditors and has deposited these unclaimed funds by payment of same to the Clerk of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division: Bankruptcy Court pursuant to § 347 of the Bankruptcy Code:

| **CLAIMANT** | **Claimant's Address** | **DISTRIBUTION AMOUNT** |
|---|---|---|
| OK Safety | 4647 Henry Ave., PO Box, Hammond, IN 46325-0564 | $2,312.93 |
| Corporate Express Office Products, Inc. | Attn: Legal Department, One Environmental Way, Broomfield, CO 80021 | $48.07 |
| Prime Office Products | 400 S. Jefferson Street, Chicago, IL 60607 | $98.52 |
| Citibank (USA) N.A. | Assoc/BP Amoco Payment Center, 4300 Westown Parkway, West Des Moines, IA 50266 | $692.41 |
| Supreme Coffee Service Co. | 6120 N. Pulaski, Chicago, IL 60646-5248 | $198.66 |
| Arch Wireless | 890 E. Heinberg, Pensacola, FL 32502 | $20.00 |
| Newelco Ukside | Company Secretary, Church St Newport, South Wales, Np20 2tw UK | $614.08 |
| GE Capital Modular Space Transport International Pool | GE Capital Modular Space, Stacy Leutze, 530 E. Swedesford Road, Wayne, PA 19087 | $73.37 |
| John J. Moroney And Co. | PO Box 320, Argo, IL 60501-0320 | $184.56 |
| Ase Industries | 1416 W. 175th Street, East Hazelcrest, IL 60429-1820 | $227.76 |

| Illinois Bell Telephone Company | PO Box 981268, West Sacramento, CA 98798 | $101.16 |
|---|---|---|
| **TOTAL** | | **$4,571.52** |

December 11, 2012                          By:

                                                                /s/ Paul J. Catanese_____
                                                                One of the Attorneys for the Trustee

Richard J. Mason, P.C. (ARDC #01787659)
Paul J. Catanese (ARDC #0629230)
McGuireWoods LLP
77 W. Wacker Drive, Suite 4100
Chicago, IL 60601
(312) 849-8100
*Counsel to Richard J. Mason, Trustee*

43910023_1.DOC